## SUPREME COURT.

### WILLIAM VAN WYCK, and wife agt. RICHARD B. HARDY, and others.

The *name of a party* omitted by inadvertence in a copy of the *summons* filed for publication, is such an error as may be corrected by *amendment*.

An *affidavit* of the plaintiff, for the purpose of procuring an *order of publication*, which stated "that after due and diligent search and inquiry by this deponent, the said defendants named in the body of the affidavit, cannot be found in the state of New York, as he is *informed and verily believes*," *held*, sufficient to satisfy the judge legally of their *non-residence*, and to confer jurisdiction upon him to make the order.

The *purchaser* of premises at a sale in a suit where *publication* has been ordered, must be deemed to know that he purchases subject to the power of the court to relieve parties, against whom publication is ordered, upon good cause shown, both before and after judgment, within seven years after the rendition thereof.

Where the *summons* as published in the *Evening Post*, omitted the words, "in said city of New York," after the words "number 13 Chambers street," designating the office of the plaintiffs' attorney, *held*, not such a defect as to make it void.

Where the order for publication, in conformity to the statute, requires the summons and complaint to be served upon non-residents, by depositing the same *forthwith* in the post office, directed to such persons, some little time may elapse, (in this case four days, which was excused,) without forfeiting jurisdiction over the persons of the defendants. The word "forthwith" in this connection, should be construed as synonymous with *all reasonable dispatch*.

Where in an action in partition, the appointment of a guardian *ad litem* for a defendant is not strictly formal and conformable to the rules of the court, by reason of the *non-verification* of the petition by the infant, it is not jurisdictionally defective. The court have the power to recognize and make valid any other mode of verification which satisfies it of the truth of the facts therein contained.

*New York General Term, January, 1861.*

*Present, SUTHERLAND and HOGEBOOM, Justices.*

THIS is an appeal by Thomas Hitchcock, the purchaser of certain premises at a referee's sale under the judgment in this cause, in an action for the partition of lands in New York, from an order made by Mr. Justice INGRAHAM, at special term, and bearing date the 22d day of September, 1860, granting the purchaser's motion to be discharged from his purchase unless certain irregularities in the pro-

Van Wyck agt. Hardy.

ceedings were corrected, and denying the application, in case such corrections were made within thirty days after the service of the order. The order required the plaintiff,

I. To amend the summons on file, by inserting therein the names of Samuel A. Maverick and Mary A. his wife, as defendants;

II. To file proper notices of appearance for all the defendants who appeared and did not answer;

III. To file the petition of the infant defendant, Samuel M. Thompson, in due form, and sworn to by him, for the appointment of Mortimer Porter, as his guardian *ad litem* in this action;

IV. To file such answers as had been put in and were not filed;

V. To give notice thereof to the attorney for the purchaser, and pay him $10 costs of the motion.

The plaintiff appealed from so much of the order as required him to procure and file the verified petition of Samuel M. Thompson, for the appointment of a guardian as above mentioned.

The complaint was filed in the clerk's office on the 14th of October, 1859. The copy filed omitted the names of Samuel A. Maverick and Mary A. his wife. The order of publication was made on the 18th of October, 1859. The deposit in the post office, of the summons and copy complaint for the non-resident defendants, was made on the 22d day of October, 1859. The summons as published in the *Evening Post*, one of the papers designated in the order of publication, omitted the words " in said city of New York," after the words " number 13 Chambers street," designating the office of the plaintiffs' attorney. It stated, however, that the complaint was filed in the clerk's office of the city of New York, and was dated New York, October 14th, 1859. The petition for the appointment of a guardian for Samuel M. Thompson, a non-resident infant over fourteen years of age, was not verified by the infant or by

his guardian, but was signed by the infant, and the signature verified by the affidavit of the plaintiffs' attorney, who stated that he sent it to the infant, and received it back from him with his signature—the verification not being made, according to a letter from the infant in consequence of his not having access to a judge. Judgment was entered and perfected on the 21st of May, 1860. The premises ·were sold by the referee on the 6th of July, 1860, and the lot number 174 South street, part of the premises was sold to Thomas Hitchcock the petitioner, for $10,025, who signed the usual terms of sale, and paid ten per cent. upon his bid. The deed was to be delivered on the 6th of August, 1860.

Under the advice of counsel, that the referee's deed would not convey a good title, the purchaser declined to take the deed, and presented his petition to the special term, setting forth the foregoing and other alleged irregularities, and praying to be discharged from his purchase. Thereupon, the court at special term made the order appealed from.

Printed copies of the summons and complaint were not obtained by the plaintiffs' attorney from the printer, until the evening of the 21st of October, 1859, and could not be obtained earlier, and were mailed as soon as practical thereafter, on the 22d day of October, 1859.

Since notice of the motion was given, and since the making of the order at special term, it is understood that the plaintiff has procured and filed the petition of the infant Samuel M. Thompson, required by the order of the special term.

The other facts, so far as they are are material, are stated in the opinion of the court.

Mr. Justice INGRAHAM, at special term, gave the following decision: The first objection as to Farmer is not well taken. The others are received as survivors, and in the absence of proof to the contrary, his death may be presumed.

The second objection can be obviated by an amendment. The order for publication and affidavit were, I think, sufficient.

The objections to the publication are not material. The summons and complaint were deposited in the post office within four days after the order. The true construction of the order, which directs the same to be done forthwith, is as soon as may be after the order. In this case it is apparent the copies could not have been made in less time than elapsed before the publication.

The proceedings for the appointment of the guardian for the infant were not regular.

The infant was over fourteen years of age, and the petition should have been verified by him. The defect might be cured by filing *nunc pro tunc* a new petition properly verified, but without such amendment the proceeding is defective.

The other objections taken have been remedied or are immaterial.

The above mentioned irregularities should, however, be remedied before the purchaser could be required to take the title. For the same reason he should be relieved from the purchase unless such irregularities are remedied.

For this purpose, a reasonable time should be allowed, and if not corrected within that time the motion should be granted.

Unless these irregularities are corrected within thirty days, the motion is granted. If they are so corrected, the motion is denied. In either event the petitioner is entitled to $10 costs of motion.


J. H. LEE, *for plaintiffs.*

N. B. HOXIE, *for purchaser.*

By the court, HOGEBOOM, Justice. I. The objection to the summons is not well taken. Sumuel A. Maverick and

wife were, and were intended to be, parties to the suit. The summons is not necessary to be filed as a mode of commencing the suit, and if filed, and erroneous by inadvertence or mistake in some way as to the names of the parties, is not conclusive to that extent on the point of who are parties to the suit, that it is incapable of contradiction or correction. It is not necessarily the summons in the suit by way of eminence over all others. In this case, these two names were omitted in the copy filed by inadvertence, and I have no doubt the error is such as may be corrected by amendment. This has been done, and the error is cured.

II. The second alleged jurisdictional defect is, that the non-residence in this state, and the actual place of residence of the defendants, Thomas J. Turpin and Drusilla E. L. Dillard, are not sufficiently established in the affidavit upon which the order of publication was founded, or in the order itself. By the complaint in the action, which is verified and is presumed to have been presented to the judge before he made the order of publication, it appears that the suit is brought for the partition of premises in the city of New York, and that the plaintiffs are the tenants in common and the near relatives of the other parties interested. By the affidavit of the plaintiff William Van Wyck, on which, more particularly, the order of publication was founded, the non-residence in this state and the actual residence in South Carolina, of Thomas J. Turpin and Drusilla E. L. Dillard, is alleged on the deponent's information and belief. In said affidavit it is further alleged as follows : " And deponent further says, that after due and diligent search and inquiry by this deponent, the said defendants named in the body of the affidavit cannot be found in the state of New York, as he is informed and verily believes." The order recites that it appears to the court, that these defendants are non-residents of the state of New York, and cannot be served with said summons in the state of New York. The written statement of facts agreed on by counsel shows that on the.

22d day of October, 1859, a copy of the summons and complaint were deposited in the post office, addressed to each of said non-resident defendants at their respective places of residence. I am inclined, though with some hesitation, to regard this proof as sufficient to confer jurisdiction upon the judge to make the order—as sufficient to satisfy him legally of the non-residence and the place of residence of these parties, and of the inability to find them in this state. The affidavit is made by a relative who would be likely to know or to ascertain the real truth of the case. And when he speaks of information and belief in regard to a matter of this sort, it is obvious, from the subject matter of the inquiry and from the context in the affidavit itself, that he refers to information obtained from the proper source and from those who would be likely to know. The effort to find these defendants in the state, I infer from the affidavit, was made by the deponent, and the inability to find them was thereupon stated on information and belief. He could not well have absolute and positive knowledge on that subject, although he could speak positively, as I think he intended to do, on the exercise of diligence. As to the actual non-residence of these defendants, it is not controverted; and the purchaser of premises, at a sale in a suit where publication has been ordered, must be deemed to know that he purchases subject to the power of the court to relieve parties, against whom publication is ordered, upon good cause shown, both before and after judgment, within seven years after the rendition thereof. I am inclined to think also that the judgment itself is of no effect in any case where it subsequently appears that the case does not fall within one or more of the five different subdivisions of section 135, in which contingency alone can publication ever be properly made. (*Code,* § 135.)

III. The publication of the summons in the *Evening Post* I do not regard as so defective as to make it void. It could not mislead. It sufficiently indicated the city of

New York as the place of business of the plaintiffs' attorney. New York was given as the date of the summons and the place where the complaint was filed, and no other place was named to which the reference as to the street could possibly refer.

IV. The order properly required the summons and complaint to be served upon non-residents, by depositing the same forthwith in the post office, directed to such persons. The order was made on the 18th of October, and the deposit in the post office was on the 22d. The delay is sufficiently excused. If forthwith means instantly, a literal compliance with the order and with the statute is almost impossible. Some little time, therefore, may be permitted to elapse without forfeiting jurisdiction over the person of the defendant.

A reasonable construction must be given to this provision; and I do not see that any absolutely uniform and inflexible period can be established as amounting to a compliance with the statute, non-conformity to which will make the proceedings void. Forthwith has no legalized meaning, either extending or limiting it to twenty-four hours; and the legislature, having used a term incapable of being rigorously complied with to the letter, must have intended to authorize the courts to put a reasonable interpretation upon the term—and the period, I think, may vary slightly according to the circumstances of the particular case. This may lead to some doubt and hesitation in advising as to the validity of these proceedings, and to some uncertainty as to what will be the decision of the court in a particular case, but that is incident to the very nature of judicial proceedings. The only corrective is with the legislature, by prescribing a fixed period of time within which the service is to be made. In the absence of such an enactment, I think the word forthwith in this connection should be construed as synonymous with all reasonable dispatch. So

construed, the order and the statute have been complied with in the present case.

V. The appointment of the guardian *ad litem* for the defendant Samuel M. Thompson, though not strictly formal and conformable to the rules of the court, by reason of the non-verification of the petition by the infant, was not, I think, jurisdictionally defective. The court had the power to recognize and make valid any other mode of verification of the petition which satisfied it of the truth of the facts therein contained. There is no such unbending rigor in the practice of the court. The importance of the petition consisted in its being the voluntary act of the petitioner.

This would appear as strongly, perhaps, by proof of the execution of the paper by the infant as by its verification by him. The execution was sufficiently established. At all events, the error, if any, was cured by the procurement (which we understand has been done) of a proper petition duly verified, and filing the same in the proper office—in conformity with the order of the special term, which very properly required that this should be done, as an efficient protection to the purchaser.

The order of the special term seems to me to have been substantially right, and should be affirmed. Both parties have appealed therefrom, and I think the affirmance should be without costs to either party as against the other.

SUTHERLAND, J., concurred.

BONNEY, J., dissented.