### SUPREME COURT.

GARRIT WAFFLE, respondent agt. JAMES H. GOBLE, appellant.

The *proof* required to satisfy the officer granting an *order of publication*, that the party cannot, after due diligence be found within the state, must appear by *affidavit*. The *return of a sheriff* upon the summons, will not be considered as forming any part of such proof.

The *plaintiff* in the action, is a competent person to make the affidavit for an order of publication, as was decided in *Van Wyck* agt. *Hardy* (20 *How. Pr. R.* 222).

The statute does not prescribe *who* shall make the affidavit; but it must show that due diligence has been used; and that the person to be served cannot be found within the state, to the satisfaction of the court or judge.

The statute does not require the *filing of the complaint* in a case, where the defendant is *served personally* out of the state, soon after the order of publication is granted, and where no publication is made.

Waffle agt. Goble.

Personal service of a copy of the summons and complaint, out of the state, is equivalent to publication and deposit in the post office. (*Code,* § 135.)

Where the summons is issued and an *attachment* levied upon defendant's property, more than *thirty days,* before the service of the summons and complaint upon the defendant out of the state, by which the action is deemed to have been commenced (no service by publication having been made), the attachment becomes wholly *void,* under section 227 of the Code, and will be set aside on motion. But the order of publication will be allowed to stand.

*Seventh Judicial District, General Term, June,* 1868.

*Present* E. D. SMITH, JOHNSON *and* J. C. SMITH, *Justices.*

APPEAL from order denying motion to set aside attachment and order of publication. The defendant was a non-resident of this state, and a resident of the state of Michigan. The summons, and a warrant of attachment against the property of the defendant were placed in the hands of the sheriff of Monroe county, on the 8th day of October, 1866, and on the same day the sheriff by virtue of such warrant, seized the defendant's property. On the 2d of January, 1867, the sheriff indorsed upon the summons; that after due and diligent inquiry by him made, he could not find the defendant within his bailiwick, to make service of process upon him. On the following day the plaintiff presented his own affidavit to the county judge of Monroe county, in which he set forth, among other things, that the defendant was his son in law, having married his daughter, and that in the fall of the year of 1864, he left his residence in this state, and removed to Van Buren county, in the state of Michigan, where he has since resided with his family. That the summons issued in the action could not be served by reason of the defendant's residence out of, and his absence from this state. That the deponent had searched for the defendant and endeavored to find him within the state at the time of commencing the action; and that by search and inquiry he had been unable to find him; and did not believe he had been within this state since the fall of 1864; and that he would be likely to know from the fact of the defendant being his son in law, and he having seen letters from him, the defendant. Upon this affi-

davit being presented to the county judge, together with the
sheriff's return upon the summons, that officer on the day
last aforesaid, made an order for the service of the summons
by publication, in which it is recited as follows: "It appear-
ing to my satisfaction by the affidavit of the plaintiff, that a
cause of action exists," &c., and "that the defendant cannot
after due diligence, be found within this state," &c., "I do
order," &c. After the granting of the order, and on the 8th
of January, 1867, a copy of the summons and complaint
were served personally on the defendant at his residence in
the state of Michigan.

No complaint had been filed in the clerk's office. The
motion to set aside the attachment and order was made
upon three grounds: 1. That the affidavit on which such
order was granted, does not show that effort was made to
serve the summons, nor that the defendant could not be
found, nor that any search has been made for him, nor that
he was not in the state when the summons was issued. 2.
That no complaint has been filed in said action. 3. That
the order of publication of the summons was not obtained,
and publication thereof commenced within the time prescri-
bed by statute.

The motion was denied and the defendant appeals.

G. F. DANFORTH, *for appellant.*
M. S. NEWTON, *for respondent.*

*By the court,* JOHNSON, J. It is claimed by the appellant's
counsel, that the judge who granted the order of publication
had no right to receive or take into consideration the sheriff's
certificate that he could not find the defendant in his county
to make service of the summons upon him. It is also claimed
that proof by affidavit, that the defendant to be served "can-
not after due diligence, be found within the state," must be
made by the officer, or other person who has the possession
of the summons, for the purpose of making service. And

that the affidavit of the plaintiff, who could not serve the summons, was not competent proof before the officer, to satisfy him that the defendant could not be found within the state. The statute provides what kind of proof shall be made to the satisfaction of the court or officer, granting the order of publication, that a party cannot, after due diligence, be found within the state. That fact must appear by affidavit. (*Code,* § 135.)

The return of a sheriff will not answer; that not being the kind of evidence which the statute requires. Nor could the essential fact be made to appear partly by affidavit and partly by a return. It must be made to appear by affidavit only. But although the return appears to have been presented with the plaintiff's affidavit, there is nothing to show that the judge who granted the order received, or acted upon the return as evidence. On the contrary the order recites that the fact appeared to his, the judge's, satisfaction by the affidavit of the plaintiff.

If the affidavit was competent as evidence, the presence of the return at the same time did not destroy or weaken its force. As to the competency of an affidavit by a plaintiff in the action for such a purpose, it was held to be competent and sufficient in *Van Wyck* agt. *Hardy* (20 *How. Pr. R.* 222). That was a general term decision, which it is our practice generally to follow. The statute does not prescribe who shall make the affidavit, but it must show, that due diligence has been used, and that the person to be served cannot be found within the state, to the satisfaction of the court or judge. In the present case it will be seen from the facts stated in the affidavit, in respect to the inquiries made, and the grounds of belief and knowledge that it furnishes far more satisfactory evidence of the defendant's continual absence from the state, than any proof of search by a sheriff or other officer, who was a stranger to him, could furnish.

As to filing the complaint in a case like this, I am of the opinion it is not necessary. Here the summons and com-

plaint were served personally upon the defendant, within a short time after the order of publication was granted. The Code (§ 135) provides, that when publication is ordered, personal service of a copy of the summons and complaint out of the state, is equivalent to publication and deposit in the post office. The complaint by the same section, is to be "first filed" "in all cases where publication is made." And in that case "the summons as published must state the time and place of such filing." Here no publication was made, but the summons and complaint were served personally. The defendant having a copy of the complaint, there was no necessity of having it filed, where he could obtain a copy, or of a notice of the time and place of such filing, and the statute does not require it in such a case.

But the third ground of the defendant's motion presents a question of more difficulty. The summons, as has been seen, was issued and the attachment levied on the 8th of October, 1866. The service of the summons and complaint upon the defendant in the state of Michigan, which is made the equivalent for publication, after the order for a service of the summons in that manner has been obtained, was not made until the 8th of January, 1867, more than ninety days after the summons was issued. The order for the service by publication, was not obtained until the 3d of January, 1867, nearly ninety days after the issuing of the summons, and publication was never commenced. At the session of the legislature in 1866, section 227 of the Code, which gives the provisional remedy of attachment, was amended by adding to it as follows: "And for the purposes of this section, an action shall be deemed commenced, when the summons is issued, provided, however, that personal service of such summons shall be made or publication thereof commenced within thirty days." Previous to this amendment, it had been held by the court of appeals in *Kerr* agt. *Mount* (28 *N. Y. R.* 659), that an attachment could only be issued where an action was depending; and that an attachment issued where

Waffle agt. Goble.

a summons had been issued merely, and not served, was void, the issuing of a summons not being the commencement of an action for general purposes. By referring to the section it will be seen, that this provisional remedy is given only "*in an action* arising on contract," &c. It must have the foundation of an existing depending action to stand upon, or it is a nullity. Of course there is no action in existence until one has been commenced according to law. This amendment to section 227, was doubtless made to remedy a defect, disclosed by the decision above referred to, and to render the provisional remedy by attachment, more efficacious than it would be, if the party were compelled to wait until the action was commenced by the actual service of a summons, before he could have his warrant of attachment. Hence, it was provided by the amendment, that for the purposes of that section (§ 227), in order to uphold and give effect to the warrant of attachment, the action should be deemed to be commenced when the summons was issued on certain conditions. Since the amendment, therefore, a warrant of attachment properly granted and served immediately after summons issued, and before service thereof, is "*in an action*," and is valid and effectual, provided always, that the conditions on which the issuing of the summons is deemed the commencement of the action, are subsequently complied with. In the present case the condition was not complied with, by personal service of the summons or the commencement of the publication thereof in thirty days. The question then arises whether, after the expiration of the thirty days, and between that time and the service of the summons and complaint under the order, this action was legally depending, so as to afford a support to the warrant of attachment.

This depends upon the effect of the proviso in the amendment. A proviso in a statute always implies a condition, unless modified by subsequent words. The difference between an exception and a proviso in a statute is that the first exempts absolutely from the operation of the enactment,

whereas the latter only defeats the operation of the enactment conditionally.   (*Bouv. Law Dic. tit. "Proviso," and cases there cited.*)  A proviso is something engrafted on a preceding enactment, by way of limitation or otherwise, and is held to operate as a repeal of the purview of the act where it is inconsistent with it, as expressing the last intention of the law giver.   (*Smith's Commentaries on Statute and Constitutional Law,* 712.)   The effect of the amendment most clearly is, that in the particular case in which a warrant of attachment is properly issued, at the time of issuing the summons, or at any time afterwards, within thirty days, the action is deemed to be commenced and depending provisionally or conditionally only.   If within the thirty days, however, the proviso or condition is not complied with, the action is no longer deemed to be commenced by the issuing of the summons, and the action is no longer depending.   The warrant of attachment, consequently, being no longer "in an action" depending, has nothing to stand upon, and must necessarily fall.  The subsequent steps within the thirty days are clearly jurisdictional matters, and must be taken in order to continue the pendency of the action, which is before then provisional only.   This proviso is, in its character, quite like that attached to section 99.   By that section, it is provided that the attempt to commence an action by the delivery of a summons to the sheriff or other officer of the county, with the intent that it shall be actually served, shall be deemed equivalent to the commencement thereof.   But it also provides that such attempt must be followed by the first publication of the summons, or the service thereof, within sixty days. This has been uniformly held not to apply to the commencement of actions generally, but to actions in particular cases only.   Supposing, in an action under that section, to save the statute of limitations, no subsequent steps should be taken after the issuing of the summons, would any one pretend that an action had been commenced for any purpose? I think not.   By the proviso in the amendment in question,

the legislature doubtless intended that a plaintiff should lose all benefit and advantage which might accrue from such a provisional remedy, unless he continued diligently and perfected the commencement of the action by the service of the summons in one of the ways provided for. It was not designed to give a plaintiff the privilege of seizing the defendant's property in advance, and holding it till it should suit his pleasure or convenience to proceed in his action. If the plaintiff, under this section, could hold the property ninety days before taking the subsequent steps, I do not see why he might not continue to hold it in the same way for years.

The plaintiff's counsel refers to section 139 of the Code, which provides that, from the time of the service of the summons in a civil action, or the allowance of a provisional remedy, the court is deemed to have acquired jurisdiction and to have control of all the subsequent proceedings. I do not see that this section has any particular bearing upon the real question involved in this case. The court undoubtedly acquired jurisdiction in the case by the allowance of the provisional order or warrant, after the suit was provisionally commenced by the issuing of the summons. But whether it retained such jurisdiction after the lapse of thirty days, when the action could no longer be deemed to have been commenced, is quite another question. It is obvious that in such a case the jurisdiction of the court must be provisional or conditional, as was the commencement of the action, and ceases the moment the law ceases to regard the action as having been commenced and to be depending. My conclusion, therefore, is, that the plaintiff having failed to comply with the statutory conditions on which the action was deemed to be commenced by the issuing of the summons, it must be deemed not to have been commenced until the service of the summons and complaint, under the judge's order, on the 8th of January, 1867. Up to that time no action had been commenced and none was depending, and the war-

rant of attachment had nothing to support it, but was wholly void, and should have been set aside.

The defendant asked also by his motion to have the order of publication set aside; but I do not see why that was not regularly granted, under the general provision for the service of a summons upon a non-resident defendant, without any reference to the attachment. So far as that is concerned, the order appealed from is correct.

The order, therefore, so far as it refuses to set aside the warrant of attachment, should be reversed, and an order setting aside the attachment granted, and in other respects affirmed. No costs of the appeal allowed to either party.