TADDIKEN v. CANTRELL, appellant.

McVEY v. CANTRELL, appellant.

*Attachment — when to be vacated.*

An attachment was issued under section 231 of the Code of Procedure, but no order of publication of the summons was obtained or personal service thereof made within thirty days. *Held,* that the attachment should be vacated.

APPEAL from an order sustaining an attachment issued against defendant under section 231 of the Code of Procedure. The actions were brought by John G. C. Taddiken against Mary A. Cantrell and by Mary McVey against the same defendant. The facts are substantially the same in each case. The opinion states the case.

*Beardslee & Cole,* for appellant.

*W. G. McCrea,* for respondents.

BRADY, J. The order of publication in this case was not obtained within thirty days after the attachment was granted, and no personal service during that period was made upon the defendant. The effect of that omission was to invalidate the attachment, and it should have been discharged on motion. The point has been decided. *Waffle* v. *Goble,* 53 Barb. 517. In the case of *Kerr* v. *Mount,* 28 N. Y. 659, it was determined that, in order to warrant the granting of an attachment, an action must be depending, and that the issuing of a summons against a non-resident defendant was not, within the statute, the commencement of an action. The Code (section 227) was subsequently amended, and it was declared that, for the purposes of the section, an action should be deemed commenced when the summons was issued ; "provided, however, that personal service of such summons shall be made, or publication thereof commenced, within thirty days." It was upon due consideration of the effect of this amendment that *Waffle* v. *Goble, supra,* was decided.

The process of attachment issues upon the presumption that the defendant has property which may be seized to secure the payment

of the debt alleged to be due. It is, in its nature, a proceeding *in rem.* It is also to be presumed, when it is applied for, that the property of the defendant is then within reach of the process of the court whose aid is invoked, and that it will be given out to the proper officer for execution. It often happens that perishable property is seized, and that merchandise is taken, which, though not perishable, is of such a character as to require immediate care to prevent its destruction. It also happens that property is seized which is injured by removal and storage in places sometimes not well adapted to its character. It was in view of these things, of the harsh nature of the proceeding, and of the justice of at once setting in motion the means to be employed of advising the defendant of the seizure of his property, and of preventing the plaintiff from holding the process until such time as he might think proper to place it in the hands of the sheriff, that the legislature imposed upon the plaintiff the duty of effecting personal service, or commencing publication, within thirty days, and if it had been limited to ten days it would perhaps have been a better provision.

If the proposition be that the plaintiff, after obtaining the attachment, may retain it and issue it when he chooses to do so, then he may keep it for an indefinite period, and, it might be, issue it when the defendant, by a change of domicile, has become a resident of this State. Such a course, however, is not within either the letter or the spirit of the statute. The action is commenced when the summons is issued, and upon it the attachment rests, provided, however, that within thirty days from the day of granting the attachment, the defendant is personally served with the summons or its publication is commenced. This is within the letter and the spirit of the statute, and the provision was designed to prevent the abuse of the writ and the injustice which delays might occasion when it was granted.

The orders made at special term should be reversed.

DAVIS, P. J., and DANIELS, J., concurred.

*Order reversed.*