Bixby v. Smith.

---

## BIXBY v. SMITH.

*Foreclosure — when purchaser at sale will be relieved — Publication — essentials of affidavit to obtain order for.*

The affidavit upon which an order of publication was granted, in an action for foreclosure, recited that defendants did not reside in the State, and named their residences, but it did not allege that they could not be found within the State after due diligence; and the order did not contain any statement that they could not be found after due diligence, etc. *Held*, that the

judgment was not valid as to the defendants mentioned, and a purchaser at the foreclosure sale would be relieved from his purchase.

To obtain an order for publication against a non-resident, it must be made to appear (1), That the defendant cannot after due diligence be found within the State; (2) that a cause of action exists against such defendant, or that he is a proper party to an action relating to real property in this State, and (3) that the defendant is not a resident of the State.

APPEAL by Bernard Fellman from an order at the special term, denying the motion of appellant, who was purchaser at a foreclosure sale, to be relieved from his purchase.

The action in which the judgment of foreclosure was rendered, was brought by Butler H. Bixby against Susan P. Smith and others. The material facts relating to this motion appear fully in the opinion.

*Adolph L. Sanger*, for appellant.

*Gratz Nathan* and *Albert Cardozo*, for respondent; cited *Van Wyck* v. *Hardy*, 20 How. 228, S. C. on appeal, 39 id. 392 ; *Rawdon* v. *Corbin*, 3 id. 416 ; *Vernam* v. *Holbrook*, 5 id. 4; *Von Rhade* v. *Von Rhade*, 2 N. Y. Sup. 491 ; *Miller* v. *Brinkerhoff*, 4 Den. 118, 120 ; *Staples* v. *Fairchild*, 3 N. Y. 41, 46.

DAVIS, P. J. The appellant, Bernard Fellman, bid off the premises sold on the judgment of foreclosure in the above-entitled action, and entered into the usual agreement of purchase. He applied to the court at special term to be relieved from his purchase, on the ground that several defects in the proceedings in the action particularly specified by him, rendered the title of said premises invalid.

The principal of these defects relate to the order of publication as to certain non-resident defendants, and the affidavit on which such order was made.

The affidavit states that six of the defendants (naming them) reside at Selma, in the State of Alabama, and that one of the defendants (naming her) resides at Greenville, in the State of Alabama. There is no statement in the affidavits that these defendants could not be found within the State after due diligence, nor is there any thing to show that any effort had been made to find them. The affidavit rests upon the naked assertion of non-

residence. The order in form follows the affidavit; it recites that it appeared to the satisfaction of the court that the defendants named are non-residents of the State, and reside at the places named in the affidavit.

The order fails to recite that it also appeared to the satisfaction of the court that the defendants could not, after due diligence, be found in this State. There is nothing to indicate in the order that the judge or court passed upon that question, and nothing was laid before the judge calling for his determination of that question. The order, it appears, was made by myself at chambers, in the haste and pressure of business at that court, relying on the experience of the attorney in this class of actions in the preparation of such papers and orders. I am unable to see any ground upon which the order can be treated as valid. A part of the defendants named as non-residents did not appear in the action, and as to them the judgment is inoperative.

In the case of *Hurd* v. *Bowles*, decided at special term in February, 1873, I had occasion to examine the provisions of the Code, under which the question in this case arises, and I there said:

" To obtain an order for publication against a non-resident defendant, three facts must be made to appear to the court or judge granting the same: 1st, That the defendant cannot, after due diligence, be found within the State; 2d, that a cause of action exists against such defendant, or that he is a proper party to an action relating to real property in this State; 3d, that the defendant is not a resident of the State.

" Proof of non-residence satisfies the third of these requirements, but it does not show, nor of itself tend to show, that the defendant cannot with reasonable diligence be found within the State. The affidavit of non-residence may be entirely true and yet the defendant be in the presence of the affiant at the time he makes the affidavit. Large numbers of the business population of this city are residents of adjacent States, but are daily, during business hours, at their places of business in this city and easily accessible for all purposes. To hold that a simple affidavit of non-residence tends to show that such persons cannot with due diligence be found within this State is to establish a rule at war with every man's practical experience, and which would pervert the provisions of the Code on this subject into instruments of injustice.

" The Code has created no rule that authorizes service of a sum-

mons by publication because the defendant is a non-resident ; but because *being such non-resident* he cannot after due diligence be found within the State. And it is as essential to prove to the satisfaction of the court or judge this latter fact as an existing condition of things as it is to prove non-residence itself. Where the affidavit simply asserts that the defendant cannot after due diligence be found within the State, coupled with proof of non-residence, the most that can be said for it is that the affiant expresses his conclusion of the former fact from his proof of the latter. It is in substance saying ' the defendant cannot after due diligence be found within the State because he resides out of it.' A conclusion which is a *non sequitur* from the fact stated. In short, it presents only an excuse for not trying to find him.

"But the Code requires that the fact that defendant cannot be found after due diligence within the State shall 'appear by affidavit to the satisfaction of the court or judge.' Due diligence means some effort or attempt to find the party which the court or judge shall be satisfied is reasonable under the circumstances, and the phrase ' after due diligence ' can have no other just signification than would be given if it read ' after due diligence has been used.' What the diligence used has been should be shown, and the court or judge is to determine whether under the circumstances it is or is not ' *due* ' within the intent of the statute. Of course the judge or court will determine the question whether the diligence shown is *due* or not in view of the other fact that the defendant resides out of the State, for less effort to ascertain that a non-resident cannot be found within the State would be satisfactory proof of due diligence than would be required to show that a resident cannot be so found."

The case referred to was upon a motion to set aside an order of publication, but the reasoning applies with equal force to a case like the present, where nothing is presented by the affidavit but naked non-residence to call for the conclusion of the judge, that the party cannot, after due diligence, be found within the State. In this case the attack upon the order of publication is collateral and made after judgment.

The court will, under such circumstances, make every presumption and intendment favorable to the upholding of the judgment that the facts of the case will permit, and slight facts and circumstances by which it may be said the mind of the judge was set in

motion to determine the fact of which he is required to be satisfied have been held sufficient on a collateral inquiry after judgment. But no case has yet been upheld in which the affidavit and order was so utterly bald as in the present.

In *Von Rhade* v. *Von Rhade*, 2 N. Y. Sup. 491, this court went to the outer verge of judicial intendment to sustain the judgment. The affidavit in that case stated that the defendant "cannot, after due search, be found within this State, and is, in fact, a resident of Berlin in the empire of Germany, where he now actually resides," and the order recited that it satisfactorily appeared to the judge that the defendant could not, after due diligence, be found within the State. The court, in the opinion of DANIELS, J., fully recognized the requirements of the Code, as above laid down, but held that the language of the affidavit was sufficient to support the conclusions of the judge, after judgment, in the action. The defendant was let in to defend on the merits. And see *Waffle* v. *Gobble*, 53 Barb. 517; *Peck* v. *Cook*, 41 id. 549; *Easterbrook* v. *Easterbrook*, 64 id. 421; *Miller* v. *Brinkerhoff*, 4 Denio, 118; *Weller* v. *Thornton*, 45 Barb. 390; *Wortman* v. *Wortman*, 17 Abb. 67.

The conclusion is that the objection of the appellant to the title was well taken. The order appealed from should be reversed with $10 costs, besides disbursements, and the motion granted with costs.

*Order reversed.*