DAVID K. McCARTHY, RESPONDENT, v. REBA W. McCARTHY, APPELLANT.

*Provisional remedy—what is not, under Code of Civil Procedure, § 772.*

An order authorizing a substituted or constructive service of a summons is not an order granting a provisional remedy, within the meaning of section 772 of the Code of Civil Procedure.

APPEAL from an order denying a motion, made without notice, to vacate an order, made by a justice of the Supreme Court out of court, for a substituted service of the summons in this action. The order recites that the motion was denied upon the ground that the judge had not jurisdiction to hear it.

*A. C. Davis*, for the appellant.

*Hiscock, Gifford & Doheny*, for the respondent.

SMITH, J.:

The only question in this case is whether an order authorizing a substituted or constructive service of a summons is an order which grants a provisional remedy within the meaning of section 772 of the Code of Civil Procedure. That section, after directing generally in what locality, and by what judge, an order may be made out of court, without notice, concludes in these words : " When such an order grants a provisional remedy, it can be vacated only in the mode specially prescribed by law ; in any other case it may be vacated or modified, without notice, by the judge who made it, or upon notice by him or by the court." The respondent's counsel contends that an order for substituted service is an order granting a provisional remedy, and that the mode specially prescribed for vacating or modifying such an order is to be found in section 669, which provides that a motion, upon notice, in the Supreme Court must (with some exceptions which do not affect the present question) be made within the judicial district in which the action is triable, or in a county adjoining that in which it is triable.

This, we think, is a misconception of the language of section 772. The section refers, as we construe it, to the provisional remedies, described as such, in the Code itself (chap. 8), and to the mode specially prescribed by the Code for vacating or modifying an order granting any of such provisional remedies. The provisional remedies treated of by the Code under that specific designation are: "Arrest," "Injunction," "Attachment of property," "Receivers" and "Deposit, delivery or conveyance of property." The mode in which an order granting either of the first three remedies may be vacated or modified is specifically pointed out by the Code. (Arrest, §§ 567, 568; Injunction, §§ 626 to 630; Attachment, §§ 682 to 696.) As to the others, no mode is specially provided, for the reason, probably, that those remedies can be granted only on notice, except that a motion without notice may be made for a receiver when the adverse party has failed to appear. (§§ 714, 717.) The "provisional remedies" provided for by the present Code are substantially the same as those defined by its predecessor, with the single exception that proceedings to replevy personal property are omitted from that class of remedies, and are treated of in a separate chapter, for the reason stated by Mr. Throop in his note at the head of chapter 7. Under the former Code, the term "provisional remedies" acquired a well-understood technical meaning, and we think that wherever the term is used in the new Code it is employed in the same general sense.

This construction is strengthened, we think, by section 416 of the present Code, which seems to indicate that the service of a summons, whether personal or constructive, was not regarded by the law makers as a provisional remedy. The section is: "A civil action is commenced by the service of a summons, but, from the time of the granting of a provisional remedy, the court acquires jurisdiction, and has control of all the subsequent proceedings. Nevertheless, jurisdiction so acquired is conditional, and liable to be divested in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act to be done after the granting of the provisional remedy." Three modes of serving a summons are provided by the Code : Personal, substituted and by publication. Regular service in either mode gives the court complete and absolute jurisdiction. If service be made in

either of the two latter modes, the defendant may be let in to defend in certain circumstances which would debar him if the service were personal (§ 445); but the jurisdiction acquired is not conditional merely and liable to be divested, as in the case where it is acquired by the granting of a provisional remedy. The character of the latter jurisdiction is shown by the case of *Waffle* v. *Goble* (53 Barb., 517), referred to in the reviser's note to section 416 of the new Code.

The respondent's counsel contends that the term " provisional remedy " is to be understood in a much broader sense. Any provision, says the counsel, which affords a means other than the usual and general way to accomplish an end is a provisional remedy; or, as was said in the opinion of the learned judge who made the order appealed from, " as the order was made to meet a particular and pressing exigency which prevented the commencement of the action in the ordinary way, it was one which the law ' provided for the occasion,' and is, therefore, directly and literally within the meaning of the word ' provisional,' as defined by lexicographers." In that broad sense, the term would include every special order out of the usual course in the progress of an action. We are not prepared to adopt that construction.

We think the order for substituted service did not grant a provisional remedy within the meaning of the Code, and that the judge who granted it had jurisdiction to entertain a motion to vacate or modify it. (Code, § 772, last clause.) The merits of the motion are not before us on this appeal. We reverse the order and give the defendant leave to renew the motion to vacate, on notice to be served within ten days after entry by him of the order herein; or, if he does not enter the order, within ten days after the order shall be served upon him, the appellant to have ten dollars costs and disbursements of the appeal.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.