JOHN R. TYLER, AS RECEIVER, &C., OF JEPHTHA P. KIDDER *et al.*, Appellant, *against* FRANCIS W. WILLIAMS *et al.*, Respondents.

(Decided January 3d, 1881.)

Under the Marine Court Act of 1872 (L. 1872, c. 629, § 6),—under which an attachment against the property of a defendant, in an action in that court, not residing in the city of New York, may issue "in the manner and with like effect as allowed and prescribed by the provisional remedy of the Code of Procedure"—and the Act of 1874 (L. 1874, c. 545, § 3),— authorizing that court to order service of the summons in such cases, by publication, "as provided in subdivision 5 of section 135 of the Code of Procedure,"—an attachment was obtained in an action in the marine court against the property of the defendants, on the ground that they were not residents of the city of New York, and an order for service of the summons by publication was also made. The summons was never, in fact, published. A copy of the summons and complaint was, however, served on one of the defendants personally, at a place within the state, out of the city of New York, but before the passage of the act of 1875 (L. 1875, c. 479, § 41), which made personal service of a copy of the summons and complaint under such circumstances, out of the city of New York, equivalent to the publication and deposit in the post-office required by the section of the Code above referred to. *Held*, that the like provision of that section of the Code,—that when publication is ordered, personal service of a copy of the summons and complaint, out of the state, is equivalent to publication and deposit in the post-office,— could not be construed, when applied to the marine court, as making such personal service, out of the jurisdiction of that court, although within the state, equivalent to service by publication, &c. ; and consequently, no valid service of the summons having been made within thirty days, the attachment did not bind the property of the defendants after that time had elapsed.

APPEAL from a judgment of the general term of the marine court of the city of New York, affirming a judgment of that court entered upon findings by the judge upon a trial without a jury.

The action was brought by the plaintiff as receiver of the property, &c., of Jephtha P. Kidder, Norris North and Hannah Gamble, having been appointed such receiver in proceedings supplementary to execution against them, to recover from James Talcott the proceeds of certain goods consigned by them to Talcott for sale for their account. By an order of interpleader, on it appearing that the goods which Talcott was supposed to hold had been taken by Francis W. Williams and Alexander G. Black under a warrant of attachment, they were substituted as defendants in place of Talcott; and they, in their answer, set up the attachment and claimed the proceeds of the sale of the property. The facts are stated in the opinion. Upon trial by the court without a jury, the jury having been waived by consent of the parties, the judge found for the defendants, and judgment for the defendants was entered on the findings. From the judgment the plaintiff appealed to the general term of the marine court, which affirmed the judgment; and from this decision of the general term the plaintiff appealed to this court.

*Horatio F. Averill* and *W. T. B. Milliken*, for appellant.

*Simon Sterne*, for respondents.

VAN HOESEN, J.—Williams and Black began an action in the marine court against Kidder, North and Gamble, on the 19th day of January, 1875, and obtained an attachment on the ground that all the defendants were not residents of the city of New York. They also obtained on the day named an order for the service of the summons by publication. The summons was not published, because the attorney for the plaintiffs believed that after an order of publication had been made, it was allowable and sufficient to make personal service upon the de-

fendants in any part of the state of New York. Accordingly, the summons was personally served upon the defendant Kidder, at Cohoes, a city of the state of New York, on the 19th day of January, 1875. No other or different service was made of the summons, but the attachment was levied in the city of New York upon certain property of the defendants which was there found. Judgment was entered against the defendants on the 16th day of March, 1875.

One Nelson P. Akin, on the 17th day of March, 1875, recovered judgment against the same defendants, Kidder, North and Gamble. On the 27th day of May, 1875, John R. Tyler was appointed, in proceedings supplementary to execution taken upon that judgment, receiver of the property of these defendants. Tyler, as receiver, brought an action against James Talcott, who had, as was alleged, certain property in his hands belonging to Kidder, North and Gamble. I appearing that the property of Kidder, North and Gamble which Talcott was supposed to hold, had been taken by Williams and Black under and by virtue of their attachment and sold for their benefit under the execution which followed the attachment, an order was made that the proceeds of the sale should be paid into court, and that Williams and Black should be substituted as defendants, in place of Talcott, in the action which Tyler had begun against Talcott. In this way arose the action now pending, and the question is, who is entitled to the money in court, which is the proceeds of the sale of those goods of Kidder, North and Gamble that were levied on, under the attachment obtained by Williams and Black, on January 19, 1875? Williams and Black contend that their attachment has bound the goods from the time it was levied upon them. The receiver, on the other hand, insists that the attachment, conceding it to have been originally valid, became inoperative, null and void, at the expiration of thirty days from the time when the summons was issued, because the summons was not published, as required by the order, nor served on any of the defendants, within the city of New York. The point in controversy can only be determined by examining the statutes

which then defined the jurisdiction, and regulated the practice of the marine court.

Since the enactment of chapter 629 of the Laws of 1872, an action in the marine court has been commenced as actions are commenced in other courts of record, and, with some few exceptions which it is not necessary to consider, the practice has been the same in the marine court as in the higher courts. Where the defendant in an action in the marine court did not reside in the city of New York, an attachment against his property might be had. The attachment was issued "in like manner, and with like effect, as allowed and prescribed by the provisional remedy of the Code of Procedure." This provision of section 6 of the act referred to, though badly drawn, was doubtless intended to make those portions of the Code of Procedure which related to attachments issued by the higher courts applicable to attachments issued by the marine court. In June, 1874, an act was passed which authorized the marine court to order service of the summons by publication in any case in which an attachment could be issued, and where the defendant did not reside, or could not, by due diligence, be found within the jurisdiction of the court. The act of 1874 provided that the court, or any justice thereof, might then "grant an order that service be made by publication of the summons, as provided in subdivision 5 of section 135 of the Code of Procedure." The subdivision mentioned (subd. 5, § 135) directs that the publication be made in two newspapers . . . for not less than six weeks; and that a copy of the summons and complaint be deposited in the post-office, addressed to the defendant, &c., &c. A strict compliance with the requirements of that subdivision was essential to the validity of a service by publication. Following these provisions for publication, is a separate sentence which gives to the plaintiff, where an order of publication is made, the option of making personal service upon the defendant, out of the state. Misconstruing the effect of this provision, the attorney for Williams and Black seems to have supposed that, after the order of publication had been obtained, a service of the summons and complaint out of the jurisdiction of the court, though within the limits of the state

of New York, was actually a service by publication. It is insisted that *out of the state* is equivalent to *out of the jurisdiction*, and that section 135, when made applicable to the marine court, is to mean something entirely different from the plain import of its language. In other words, when construed with reference to all other courts, the words *out of the state* mean beyond the state lines; but when construed with reference to the marine court, they mean simply beyond the limits of the *city* of New York. It certainly would be an unprecedented exercise of the power of construction to ascribe to the same words two different meanings, utterly irreconcilable with each other. The legislature were aware that further legislation was necessary to make the power of the marine court to grant orders of publication really effectual, and with that understanding, the act of 1875 was passed, which provides that where the marine court has granted an order of publication, a personal service of the summons and complaint, out of the city of New York, shall be equivalent to publication and deposit in the post-office. The act of 1875 was, of course, intended to remedy the omission from the act of 1874, of what is certainly a very sensible and convenient provision. Indeed, it is possible that this very case may have been the occasion of its enactment, but it is not, nor is there anything in its language to show that it was the design of the legislature that it should be, retrospective in its operation. It being clear, then, that the service of the summons was not effected by publication, and that the service made upon Kidder, at Cohoes, was unauthorized and a nullity, the only remaining question is, what effect did the failure to serve the summons have upon the attachment? To that, there can be but one answer, for the question is not a new one; it having been decided in the supreme court. In the case of *Kelly* v. *Countryman* (15 Hun, 87), the supreme court held that where an attachment is issued, and the summons is not served within thirty days from the time of its issue, the attachment must fall. This was so determined upon an examination of sections 127, 139 and 227 of the Code of Procedure. The case of *Waffle* v. *Goble* (53 Barb. 517), is to the same effect. I think there is no doubt as to the correctness of those decisions. The

result is, that the attachment did not bind the property for more than thirty days after the summons was issued, and that Williams and Black then lost their lien upon the property. It is true that on the 1st day of October, 1875, they did recover judgment against Kidder, North and Gamble, but long before that date, and on or about the 27th day of May, 1875, Tyler, the plaintiff in this action, had been appointed, and had qualified, as receiver of the property of Kidder, North and Gamble. By virtue of his receivership, he became entitled to the fund now in court, unless Williams and Black are entitled to hold it under their attachment. It is insisted that as the marine court general term held, in June, 1875, that the attachment was valid, and that as that adjudication has never been reversed, the validity of the attachment is *res adjudicata.* As between Williams and Black, on one side, and Kidder, North and Gamble, on the other, that position is undoubtedly correct. But Akin, who recovered his judgment, and Tyler, who is the receiver appointed by the court to collect that judgment, are not the privies of Kidder, North and Gamble, nor are they bound by the decision that the attachment is valid. The fund in court belongs to that party who can prove his title to it ; and the title of Williams and Black is bad, because their attachment had ceased to be a lien superior to the rights acquired by Tyler when he became receiver.

I am of opinion, therefore, that the judgment of the marine court should be reversed, and that a new trial should be ordered, with costs to the appellant to abide the event.

CHARLES P. DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.