NEW-YORK,
May, 1810.

LEE
v.
BROWN and
others.

Where the *ve-nue* is changed in a cause, the defendant is not entitled to 20 days to plead to the new declaration.

BURROWS *against* HILLHOUSE.

H. BLEECKER, for the defendant, moved to set aside the default entered in this cause, for want of a plea. At the last term the *venue* had been changed in the cause, and the defendant's attorney supposed that he was entitled to 20 days to plead, after the service of a copy of the new declaration; and did not, therefore, put in a plea before the rule to plead to the first declaration had expired. The action was for a libel, and the defendant swore that he had a good defence on the merits.

*Russel*, contra.

*Per Curiam.* The practice has been long settled, that the defendant is not entitled to 20 days to plead to the amended declaration; but we grant the rule, on payment of costs.

Rule accordingly.

LEE *against* BROWN and others.

Where the plaintiff resided in a foreign country, and the defendant produced affidavits to show that the judgment, which

HARRIS, in behalf of the defendant, *Brown*, moved that the clerk be directed to enter satisfaction on the record of judgment obtained in this cause. From the affidavits which were read, it appeared, that the judg-

was obtained in 1803, was satisfied, a rule to show cause why a satisfaction should not be entered up on the record was granted, which was directed to be served by delivering a copy to the attorney of the plaintiff on record, and putting up another copy in the clerk's office.

ment was obtained in 1803; that *Jonas Brooks*, acting as the agent of the plaintiff, who resided in *England*, accepted the promissory note of *Robert Roberts*, for the amount of the judgment, and in satisfaction thereof, which note was, afterwards, paid; that *Brooks* and the plaintiff are both in *England*; and that one of the defendants is dead, and another has left the state.

*Per Curiam.* Take a rule on the plaintiff to show cause at the next term, why satisfaction should not be entered up on the record; serve a copy of the rule on the attorney on record, and put up another copy in the clerk's office.

Rule accordingly.

NEW-YORK,
May, 1810.

PALMER
v.
HICKS.

----

## PALMER *against* HICKS.

IN error, on *certiorari*. *Hicks*, as supervisor of the town of *Flushing*, in *Queens* county, brought an action of debt, against *Palmer*, the plaintiff in error, and two others, for the penalty of ten dollars, for an offence against the rules and regulations of the town of *Flushing*, made by the freeholders and inhabitants of the town, assembled in town-meeting pursuant to the act. (Vol. 1. p. 338. 24 sess. c. 78. s. 11.) The regulation in question was made in *April*, 1808, by which it was ordered that no person should be allowed to rake clams within the boundary line of *Flushing*, running from *Wicke's* point to *Wilkin's*, after the 20th *April*, 1808, under the penalty of ten dollars for each offence; one half to the poor of the town, and the other half to the informer. The plaintiff below averred, that the place where the raking of clams

An act extending the bounds of a town over the adjacent navigable waters, does not thereby grant the land covered by the water, to the town; but is merely for the purposes of civil and criminal jurisdiction.

A grant of lands under navigable waters to the owners of the adjacent soil, is not presumed without evidence of long exclusive possession and use, to warrant such a presumption.