SYLVESTER M. BEARDS et al., Appellants, *v.* JOHN A. WHEELER, Respondent.

Where a judgment-creditor seeks by motion to set aside a prior judgment on the ground of fraud, it is within the discretion of the Supreme Court, whether to determine the matter on motion, or to require the creditor to bring an action ; and from its determination no appeal lies to this court.

*It seems,* that an action is the more appropriate method.

*It seems,* also, that where a debtor, against whom actions have been commenced by different creditors, serves an offer of compromise under the Code (Old Code, § 385 ; New Code, § 738) in the action last commenced, and thus enables the plaintiff therein, by accepting the same, to perfect his judgment in advance of the creditor who first brought suit, and to obtain a preference in the payment of his debt, this is not such a fraud as will authorize the setting aside of the judgment so obtained ; the giving of a preference to one creditor over another is not unlawful.

(Argued February 4, 1879 ; decided February 11, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term, denying a motion made by plaintiff to set aside certain executions issued upon judgments against defendant in suits by other creditors, on the ground of fraud, or to postpone their payment until the satisfaction of plaintiff's executions. (Reported below, 11 Hun, 530.)

The following facts appeared upon the motion :

On October 26, 1876, plaintiffs commenced an action against defendant upon two promissory notes. On November first, they commenced another action. Between November third and November ninth, four other actions were commenced by other and different plaintiffs against defendant. In each of these four actions defendant appeared and served

an offer of compromise, under section 385 of the Code of Procedure. These offers were accepted, judgments perfected, executions immediately issued, and a levy made on defendant's property. Defendant was insolvent at the time, which the plaintiffs in the four actions knew, and they also knew of the actions by plaintiffs, and said four judgments were perfected and executions issued, with intent on the part of defendant and of the plaintiffs therein to give the latter a preference over plaintiffs herein, who subsequently recovered judgment by default in the two actions so commenced by them, and in two other actions thereafter commenced. No allegation was made that the debts upon which said four judgments were obtained were in any manner fraudulent, and no irregularity in said judgments was alleged.

*M. M. Mead*, for appellants. An offer of compromise under the Code (Old Code, § 385 ; New Code, § 738), can only be used, and judgment entered thereon, when an answer has been interposed. (*Chapple* v. *Chapple*, 2 Kern., 215, 222 ; *Bridenbeck* v. *Mason*, 16 How. Pr., 203 ; *Ross* v. *Bredge*, 24 id., 163, 164 ; *Dunham* v. *Waterman*, 17 N. Y., 9, 14.)

*S. C. Keeler*, for respondents. The mode, manner and form adopted in procuring the respondents' judgments was allowed by section 385 of the Old Code. (*Peck* v. *Richardson*, 9 Hun, 567 ; *Miller* v. *Earle*, 24 N. Y., 110.)

DANFORTH, J. If it is assumed that the appellants make a case upon the motion papers it was entirely in the discretion of the Supreme Court at Special and General Term whether the matter involved should be disposed of on motion or by an action. (*Foote* v. *Lathrop*, 41 N. Y., 359.) Indeed the latter is the more appropriate method (*Brinkerhoff* v. *Marvin*, 5 Johns. Ch., 320; *Miller* v. *Earle*, 24 N. Y., 112), and therefore no appeal lies to this court. (*Foote* v. *Lathrop*, *supra* ; *Anonymous*, 59 N. Y., 315.)

But the order was properly made. The plaintiffs, Beards and others, were not entitled to judgment until the expiration of twenty days after service of the summons upon the defendant, and the latter did nothing to prevent a judgment by default at that time. The moving papers indicate no irregularity on the part of the plaintiffs in the other actions, nor do they assert, much less establish that the debts embraced in those actions were fictitious or fraudulent. The defendant availed himself of a provision of law by which he was permitted to offer judgment at any time after the commencement of the action and before verdict—he might have done so even before service of the complaint. Doubtless the effect of this offer was such that the plaintiffs in the other actions obtained earlier judgments than those of the appellants, and although they began proceedings last were able first to enforce the judgments by execution. It is therefore true, as the appellant's counsel urges, that by the act of the defendant he has enabled these plaintiffs to obtain a preference in the payment of their debts, but this is not unlawful. The debtor might have reached the same end by payment, by turning out property, by chattel mortgage, by confession of judgment, or by an assignment. It is, however, unnecessary to consider this question, as for the reason first above stated the appeal should be dismissed with costs.

All concur.

Appeal dismissed.