HARRY JEWETT, AS RECEIVER, ETC., RESPONDENT, *v.* FREDERICK H. NOTEWARE AND HARRIET NOTEWARE, APPELLANTS.

*Fraudulent conveyance — a debtor may give one creditor a preference over another, without being guilty of fraud.*

A wife loaned to her husband the sum of $1,100 belonging to her, upon the agreement and understanding that he would give her security therefor. Thereafter he executed and delivered to her a mortgage for that sum and the interest accrued thereon. The mortgage was given for the purpose of protecting and securing the payment of the said indebtedness and of preventing the plaintiff (who was appointed a receiver under a judgment recovered in an action for slander pending, at the time of the giving of such mortgage, against the husband) from taking the property by virtue of any judgment that might be

recovered therein, and the same would not have been given had not the said action been pending.

*Held,* that the mortgage was valid, and could not be attacked by the receiver so appointed in the action for slander, after the recovery of a judgment therein.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiff, as the receiver of the property of the defendant Frederick H. Noteware, to set aside a mortgage given by him to the defendant Harriet, his wife, upon the ground that it was fraudulent and void as to creditors. The receiver was appointed under a judgment recovered in an action for slander, brought by Alice E. Conant against the defendant Frederick Noteware.

*J. McGuire,* for the appellants.

*Gabriel L. Smith,* for the respondent.

LEARNED, P. J. :

The learned justice found as matter of fact that the defendant Harriet Noteware, at the time of her marriage, had a separate estate of $1,200 in her own right; that soon after she let her husband have $1,100 upon the agreement and understanding that he would give her security therefor ; and that the mortgage in question was given to secure that sum and the accrued interest. He further found that the mortgage was given for the purpose of protecting and securing the indebtedness which she had against her husband ; and for the purpose of thereby preventing the plaintiff in the slander suit from taking the property of her husband by virtue of any judgment which that plaintiff might obtain ; that the mortgage would not have been given, had it not been for the pendency of that slander suit. He, therefore, held that the mortgage was fraudulent as to that plaintiff, and that it was given for the purpose of hindering and delaying said plaintiff ; that the defendant Harriet and her husband, in giving and receiving the mortgage, had been guilty of using the valuable and just indebtedness of said Harriet against her husband as an instrument of fraud, for the purpose of cheating and defrauding the plaintiff in the slander suit, and hindering and delaying her in the collection of her judgment.

The proposition of law thus applied is this; that if a debtor mortgages land to a creditor for the exact amount of his just and lawful debt, that mortgage is fraudulent, if the debtor and creditor intend thereby also to prevent some other creditor from collecting his debt out of that land.

We think that proposition is incorrect. A debtor has a right to prefer one creditor over another, even though the effect be to prevent that other from collecting his debt. Indeed, whenever an insolvent debtor gives a lien to one creditor, the intent must be to put the property, to that extent, beyond the reach of all other creditors.

That is the very idea of preference. There is nothing fraudulent in this. It is a well admitted right, except as against bankrupt laws. When a debtor is insolvent and a vigilant creditor obtains security for his debt, the intent of both debtor and creditor is that other creditors shall not have the property on which the lien is given, except subject to the lien. And this the debtor and creditor may lawfully do.

We find no case supporting the contrary. In *Union Bank* v. *Warner* (19 Sup. Ct., N. Y. [12 Hun], 306) the sons were not creditors of the father. Their alleged agreement to pay his debts was a part of the fraudulent transaction, and fell with it. See *Keefe* v. *Warner* (Third Dept., Nov., 1880), following the decision of *Nellis* v. *Clark* (20 Wend., 24; S. C., 4 Hill, 424).

The case of *Davis* v. *Leopold* (87 N. Y., 620) was of similar character in this respect that the wife was not a creditor and the transfer was not to secure a debt owing to her.

The case of *Crowninshield* v. *Kittridge* (7 Metc., 520) was one where for a debt of $400 a mortgage of $600 was given, in order to cover the property, and therefore presents an entirely different question.

The case of *Wadsworth* v. *Williams* (100 Mass., 126) is not the case of a creditor to whom a debtor transferred property to secure a debt.

These are the only cases cited by the plaintiff to sustain the position taken by the learned justice, and they are not in point. We do not see how the act of a *bona fide* creditor in taking security for the exact amount of his debt can be fraudulent as to other creditors, no matter what the intent may have been. The creditor might

have sued the debtor and thus might have recovered a judgment which would have become a lien. And if the debt were valid how could another creditor have objected to the recovery? (*Beards* v. *Wheeler*, 76 N. Y., 213.)

We confine ourselves entirely to the facts as found by the learned justice, without examining the question whether he might not have found that the alleged debt was not a valid claim. (See in that connection *Metsker* v. *Bonebrake*, 27 Alb. Law Jour., 471 [U S. Sup. Ct.])

The judgment is reversed and a new trial granted, costs to abide event.

Present — LEARNED, P. J., and BOARDMAN, J.; BOCKES, J., not sitting.

Judgment reversed, new trial granted, costs to abide event.