CITIZENS' NATIONAL BANK OF TOWANDA, Appellant, *v.* MOSES SHAW, as Surviving Partner, etc., Defendant.

46h    589|
82 AD¹350|

*Entry of judgment upon an offer of the defendant — the omission of an attorney to annex an affidavit as to his authority to make it, is waived by the acceptance of it by the plaintiff and the entry of judgment — it will not be vacated on the application of a subsequent attaching creditor.*

Upon the hearing of a motion made by a creditor, who had commenced an action against the defendant herein in which an attachment had been issued, to set aside three judgments entered against the defendant, upon offers made by him in actions brought against him, upon the ground that the affidavits as to the authority to make the offers were verified by the managing clerk of the attorneys for the defendant, an order was made allowing the judgment creditors to file, *nunc pro tunc*, the affidavit of one of the attorneys of their authority to make the offers, and making the liens of the executions issued upon the said judgments junior to that of the attachment.

*Held*, that the order should be reversed; that the omission to annex the proper affidavit was a mere irregularity which could be, and was, waived by the acceptance of the offers and the entry of the judgments by the plaintiff's attorney.

That the question as to whether the judgments were fraudulent, as against the creditors of the defendant, could not properly be determined on the motion, the remedy for relief upon that ground, if any cause existed for it, being by action.

Appeal from an order of the Erie Special Term deferring the liens of an execution issued upon a judgment, recovered against the defendant under which a levy had been made upon his property, to that of an attachment subsequently levied on the same property in behalf of another creditor of the defendant in another action.

The judgment in this and three other actions against the same defendant was entered July 29, 1887, upon offers made and accepted for amounts aggregating upwards of $60,000. And executions were issued upon them severally and levied upon certain personal property of the defendant. The affidavits of authority to make the offers, and annexed to them respectively, were made by the managing clerk of the attorneys for the defendant, who were the same in all the actions. In August following the Farmers and Mechanics' National Bank commenced an action against the defendant to recover an alleged debt in which an attachment was issued and levied upon the same property. The attachment creditor afterwards moved to

set aside the judgments. And at the same time motions of the judgment creditors were heard for leave to file *nunc pro tunc* the affidavits of one of the attorneys of their authority to make the offers of judgment. The orders of the court made the lien of the executions junior to that of the attachment and permitted the plaintiffs to file such affidavits as of the time of the entry of the judgments, subject to the preference given by the orders to the levy of the attachment. And from so much of the order in this and three other actions, as so postponed, the lien of the executions the plaintiffs severally appeal.

*Sheldon T. Viele,* for the appellant.

*Adelbert Moot,* for Farmers and Mechanics' National Bank, respondent.

BRADLEY, J.:

The statute provides that " unless an offer or an acceptance * * * is subscribed by the party making it, his attorney must subscribe it, and annex thereto his affidavit, to the effect that he is duly authorized to make it, in behalf of the party." (Code Civ. Pro., § 740.) This provision was intended for the benefit and protection of the parties to the actions in making and accepting offers of judgment provided for by section 738. Assuming, as we do for the purposes of this review, that the affidavit of the managing clerk of the defendant's attorneys, annexed to the offer, did not satisfy the statutory requirement in that respect, the question arises as to the nature and effect of such omission.

The plaintiff's attorney was at liberty to treat the offer as a nullity and disregard it for the want of the requisite evidence of authority of the attorneys for the defendant to make it. (*McFarren* v. *St. John,* 14 Hun, 387; *Riggs* v. *Waydell,* 17 id., 515.) He does not so treat it, but formally accepts the offer, and annexes to his notice of acceptance the requisite affidavit, and proceeds to the entry of judgment which is done and process issued upon it. When the offer was made the action had been commenced, the defendant had duly appeared and the court had jurisdiction of the parties. This method of offering and by acceptance hastening the right to take and cause the entry of judgments, is a proceeding in a pending action, and

therefore differs somewhat from a statutory method and proceeding provided for to take judgment without action, as upon bond and warrant of attorney and the more recent means known as judgment by confession. In such case compliance with the statute is essential to support the judgment, otherwise it is voidable as against creditors having a valid lien or judgment, the execution of whtch is apparently interrupted or prejudiced by it. (*Chappel* v. *Chappel*, 12 N. Y., 215; *Symson* v. *Silheimer*, 40 Hun, 116; *Flour City Nat. Bank* v. *Doty*, 41 id., 76.) And if the absence of the affidavit of the authority of the defendant's attorneys to make the offer rendered the judgment a nullity or voidable as to the creditors of the defendant, the motion was well made by the attachment creditor, and the order is supported, because to set aside a judgment void, by reason of defect of the record, does not require that the creditor have a judgment. It is sufficient that he have a lien junior to that which the judgment or process issued upon it apparently has upon property of the debtor. But if it was a mere irregularity which might be waived by the plaintiff. it is difficult to see how the omission of the affidavit was available to the attachment creditor. A party may waive a statutory or constitutional provision made for his benefit, or for the benefit of a person in his situation. (*Matter, etc., of Cooper*, 93 N. Y., 507; *Phyfe* v. *Eimer*, 45 id., 102.) And in such case the condition, so waived, is not available to a third party or stranger. In this case there is no question about the authority in fact of the defendant's attorneys to make the offer. It was in due form, the parties had been brought into and being within the jurisdiction of the court. This was a proceeding in the action, and we think the provision directing the annexation of the omitted affidavit was designed solely for the benefit of the parties and as a safeguard against the exercise, by their attorneys, of the power, as such, to determine their rights involved in actions, without the authority of their clients. And that while, as between them, the failure to observe the requirement is available, it is an irregularity in the action relating to the proceeding for judgment, which the parties may waive, and does not legitimately concern third parties, and, therefore, having been waived, is not the subject of their criticism going to the validity of the judgment. And the record is properly amendable in that respect on application of the parties to the action. (*White*

*v. Bogart*, 73 N. Y., 256 ; *Maples* v. *Mackey*, 89 id., 146 ; *Clapp* v. *Graves*, 26 id., 418, 420 ; *Close* v. *Gillespey*, 3 Johns., 526.) None of the cases cited by the learned counsel for the respondent seem to support his contention in this respect. In *Dederich* v. *Richley* (19 Wend., 108) there was no action pending in, which the judgment was entered, as the action had been discontinued by a reference of the controversy by stipulation, and the report could be treated only as an award of arbitrators, as such actions were not at that time referable even by consent of the parties. And the cases cited by him relating to judgments entered upon warrants of attorney and confession without action, do not necessarily have application to the case at bar. The judment by confession is a proceeding depending on no jurisdiction in the court of the parties, and resting wholly in the statute, which requires for its support a verified statement of such character as to show the actual existence of the debt for which judgment is entered. The purpose of this evidently is broader than the mere rights of the parties to give and take a judgment, and is intended to have it appear of record for the information of others concerned, what the real nature of the claim is upon which the judgment thus taken is entered. And the insufficiency of the statement of it to meet the requirement, is a substantial defect and properly the subject of attack by a prejudiced creditor. The judgment in an action is entered upon an offer and acceptance, with no statement of the claim farther than it is represented by the allegations of the complaint. The affidavit in question has relation only to the authority, when the offer or acceptance is subscribed by him, of the attorney from his client to do so. If not given, the latter very likely might get relief from the judgment if the affidavit were wanting, because, in that event, its absence would charge the other party with notice of such want of authority. And although the requisite power were received by the attorney of the one party, and his affidavit waived by the other party, it may be that the court, by its clerk, might, by reason of its omission, refuse to enter the judgment, we think that fact does not characterize the defect as anything more than a mere irregularity in the proceeding, and that the vitality of the judgment, if entered under those circumstances would not be substantially affected or impaired by such omission in the record. In *McFarren* v. *St. John* the ques-

tion arose between the parties to the action in respect to an offer of judgment without the affidavit annexed, to which the plaintiff's attorney gave no attention, and the court very properly held that he was at liberty to disregard it and to recover costs subsequent to its service although his recovery was less favorable than the offer; and the remark there made that the offer without the affidavit was a nullity, treated as referring to the right of the plaintiff's attorney to so regard it, was in its application to the situation correct. And the same may be said of *Riggs* v. *Waydell.* Those cases went no farther and embraced within their application the parties to the actions only, and their doctrine does not deny to the parties the right to waive the defect, nor does it determine the effect of waiver upon a judgment entered in such case. We think the judgment was not void by reason of the alleged defect of the record, and that therefore the motion is not supported on that ground.

There are some allegations in the affidavits on the part of the moving party to the effect that the judgment was void as against the creditors of the debtor. And the plaintiff in opposition to the motion presented affidavits, tending to show that the debt for which the recovery was had was just and fair. There is no doubt about the right of an attachment creditor to protect his lien against an attack founded upon a prior apparent transfer or lien by showing by way of defense that it is fraudulent against the creditors of the debtor. (*Hall* v. *Stryker*, 27 N. Y., 596; *Rinchey* v. *Stryker*, 28 id., 45.) And after judgment he may by action for the enforcement of his lien overcome such fradulent obstructions. (*M. & T. Bank* v. *Dakin*, 51 N. Y., 519.) But whether he, as an attachment creditor merely, can maintain an action for such purpose need not now be considered. If not it cannot be the subject of a motion for relief on that ground. It is sufficient for the purposes of this review in that respect, that in view of what appears in the affidavits the question whether the judgment was fraudulent against the creditors of the defendant cannot properly be determined upon a motion. The remedy for relief upon that ground if any cause exists for it, should be taken by action. (*Beards* v. *Wheeler*, 76 N. Y., 213.) If these views are correct the portion of the order appealed from should be reversed. And to enable the respondent to take such other or further proceed-

ing as it may be advised, by action or otherwise, further execution of the plaintiff's judgment should be stayed for ten days.

SMITH, P. J., and BARKER J., concurred; HAIGHT, J. not sitting.

Portions of the order appealed from reversed, and the further execution of the plaintiff's judgment stayed for ten days.