CHRIS J. FEIKERT *vs.* ALONZO WILSON.

April 30, 1888.

Summons—Affidavit for Service by Publication.—An affidavit upon which to serve the summons by publication in an action against a non-resident must state positively, and not on information and belief, that the defendant has property within this state.

Appeal by plaintiff from an order of the district court for St. Louis county, *Stearns, J.,* presiding, vacating a judgment.

*White, Shannon & Reynolds,* for appellant.

*Burnham & Tillotson,* for respondent.

GILFILLAN, C. J.    This is an appeal from an order vacating a judgment entered upon default in an action commenced by publication of the summons.   The judgment was entered January 16, 1877, and the motion to vacate made November 15, 1887; but as the motion was made on the ground, not of any mere irregularity, but that the court never acquired jurisdiction to enter the judgment, the lapse of time does not affect the right to make the motion.   A court may at any time clear its records of unauthorized and illegal entries therein. *Heffner* v. *Gunz,* 29 Minn. 108, (12 N. W. Rep. 342.)

The affidavit filed to authorize the service by publication, the defendant being a non-resident, states "that the said defendant has property in this county and state, as this deponent is informed and believes, to wit, [describing certain real estate;] that such information and *belief* of affiant is founded upon information derived from Charles R. Haines, as register of deeds for said county of St. Louis." The court below decided that the affidavit is insufficient in not stating unqualifiedly that the defendant owned property in this state; that such statement, stated to be on information and belief, is not

sufficient to give jurisdiction. The section certainly seems to contemplate the unqualified statement of the existence of one of the cases specified in it. It uses the words "and *stating* the existence," etc., not the words "*showing* the existence," etc. It permits one fact to be stated on belief, to wit, "that the defendant is not a resident of the state, or cannot be found therein." That it specifies that as a fact that may be stated on belief, is indicative that the legislature did not intend any other fact to be so stated. In respect to the manner of stating the facts, the statute is not different from that specifying what an affidavit for an attachment shall contain; and, as to those affidavits, the allegations must be positive, except as to those facts which the statute expressly permits to be otherwise stated. *Morrison* v. *Lovejoy*, 6 Minn. 117, (183;) *Murphy* v. *Purdy*, 13 Minn. 390, (422;) *Ely* v. *Titus*, 14 Minn. 93, (125.) But if, as contended by plaintiff, the affidavit might be upon information and belief, giving the source of information and ground of belief, the affidavit would be defective. For, in such case, surely the ground of belief stated would have to be such as to justify the belief. Here the source of information is stated; but what the information was—whether sufficient to raise a reasonable belief that the defendant had property—is not shown.

Order affirmed.