BEACH, Appellant, *v.* BEACH, Respondent.

**1. Jurisdiction — Motion — Notice — Service — Sufficiency.**

On an issue of the sufficiency of the service of a notice on the plaintiff to vacate a judgment in his favor rendered some three years before, it appeared the notice was served on one of his attorneys of the firm of record, (the firm having in the meantime been dissolved); that the attorney served appeared to question the sufficiency of the service merely, and stated he had not been employed to resist the motion, but that he had informed the plaintiff of its pendency and had received a message from him that affidavits in resistance of the motion had been sent to him, the attorney, and those affidavits were afterward used on the hearing.  *Held*, the court acquired jurisdiction of the plaintiff to determine the motion.

**2. Same — Service by Publication, Affidavit for — Sufficiency.**

Where by § 104, C. C. Pro., it is provided that " where the person on whom the service of the summons is to be made cannot, after due diligence, be found within the territory, and that fact appeared by affidavit to the satisfaction of the court or a judge thereof  *  *  *  such court or judge may grant an order that the service be made by the publication of a summons," and the affidavit for publication in a case when such service could be had stated, that the defendant could not, after due diligence, be found in the territory, and that the plaintiff did not know his residence or whereabouts, and could not by reasonable diligence ascertain the same.  *Held*, the affidavit was insufficient, and the judgment rendered thereon void.

**3. Same — Vacation of Void Judgment — Remedy.**

Where a judgment is void for want of jurisdiction it may be vacated by a motion made in the original action.

(Submitted Feb. 16, 1889; affirmed May 31, 1889; opinion filed Oct. 10, 1889.)

APPEAL from the district court, Lawrence county; Hon. CHAS. M. THOMAS, Judge.

This is an appeal from an order setting aside a decree of divorce.

*C. L. Wood* (*Gilger & Harrison*, of counsel), for appellant.

The court erred in entertaining the respondent's motion for the following reasons: 1. There was no notice thereof given to the appellant. 2. There was no appearance for or in behalf of the appellant. 3. The court in no way acquired jurisdiction of the appellant for the purpose of this motion. 4. The sufficiency of the affidavit for publication of the summons had once been determined by the court in a regular proceeding for that purpose and could not be reviewed except on appeal.

Wood in his individual capacity had never been the attorney of record for the appellant, and the firm of Nowlin & Wood had been dissolved a year and a half before the notice was served. The dissolution of the firm dissolved the relation of attorney and client between it and the appellant if such relation had not been previously dissolved. Lindley, Part., §§ 216 and 404, n. 2. Further, on entering the decree the authority of Nowlin & Wood terminated. Hinkley v. St. A. F. W. Co., 9 Minn. 55; Berthold v. Fox, 21 id. 51; Weeks, Attorneys, § 238; Hanson v. Stocking, 35 Minn. 207. More than two years had elapsed since the judgment was entered, the firm had been dissolved and Wood had not been employed by the appellant to resist the motion.

The court had previously determined the sufficiency of the affidavit for the service of the summons, both at the time of granting the order and the rendition of the decree. If there was error respondent's only redress was by appeal. Ætna Life Ins. Co. v. McCormick, 20 Wis. 265; Bank v. Moss, 6 How. (U. S.) 31.

This motion could not be made under section 104, C. C. Pro., because actions for divorce are expressly excepted from the provisions allowing defendant to defend after judgment. It must have been made under section 143. The only power or authority here is to relieve a party by permitting him to make any defense which could have been made upon a trial of the cause. In such case a meritorious defense should be tendered. The court is not authorized to set

aside a decree, dismiss the action and enter judgment in favor of the party seeking the relief, as was done in this case.

If the court should hold that this motion could not be granted under section 143, then the application should have been by original bill, an action brought to set aside the decree on the grounds set forth in the motion. The application would then have been heard and tried regularly and not upon *ex parte* affidavits. This remedy could be resorted to, independently of the statute, but there is no law or rule of practice which will permit a court to open and set aside a decree which is regular on its face, and dismiss an action on motion supported by *ex parte* affidavits after the lapse of nearly three years from its rendition.

*W. I. Walker*, for respondent.

A motion supported by affidavits was the proper remedy in this class of cases. 2 Tiffany & Smith, Pr. 14, 15, 16 ; 9 How. Pr. 35 ; 8 Abb. 49 ; Edson v. Edson, 108 Mass. 590 ; Wortman v. Wortman, 17 Abb. 66. The service of the notice of the motion upon one of the attorneys of record was sufficient to give the court jurisdiction to determine the motion. §§ 509, 513, 522, C. C. Pro.; Wait's Code, 417 ; Harst. Pr. 1015 ; Townsley v. McDonald, 32 Barb. 604.

The affidavit for service of the summons was insufficient. Wortman v. Wortman, 17 Abb. 66 ; Townsley v. McDonald, 32 Barb. 604.

Appellant was not a *bona fide* resident of this territory at the time of the commencement of this action. 2 Bish. Mar. and Div. (4th ed.), §§ 144, 154, 763.

The record shows that appellant practiced a fraud upon the court and his counsel. A decree so obtained will be vacated on motion. Edson v. Edson, *supra;* 2 Bish. Mar. and Div. (4th ed.) 751, 762, 763 ; Buckley v. Buckley, 6 Abb. Pr. 307 ; Berdin v. Fitch, 15 Johns. 121 ; Wortman v. Wortman, *supra.*

SPENCER, J. This action was brought by the plaintiff for a divorce against the defendant, on the ground of desertion and cruel and inhuman treatment. The defendant being a non-resident, service of the summons was obtained by publication, and after the completion of such service, the defendant not having

appeared in any way in said action, the court, upon proof of such facts, directed a reference to take the proofs which might be offered in support of the allegations of the complaint, and report the same to the court. Such proofs were duly taken, and thereupon, and upon all the proceedings in the cause, the court, on the motion of the plaintiff's attorneys, Nowlin & Wood, made a decree dissolving said marriage, which was duly entered on the 28th day of November, 1885. Nothing further occurred in said action until July 7, 1888, when the defendant appeared by her attorney, and served on Chauncey L. Wood, as attorney for the plaintiff (the firm of Nowlin & Wood, of which he was a member, having been theretofore dissolved), a notice of motion, accompanied by certain affidavits, made in the district court, which granted such decree ; that such judgment and decree be vacated and set aside, on the ground that the same was obtained by fraud and deceit; and that the affidavit on which the order for service of the summons by publication was granted was not sufficient to authorize the court to grant such order, or to give the court jurisdiction of the subject-matter of the suit ; and that at the time the action was brought the plaintiff was not a *bona fide* resident of this territory. Such motion finally came on for hearing before the court September 7, 1888 ; a supplementary notice of such motion, directed to said George E. Beach and Nowlin & Wood, having in the meantime (August 25, 1888) been served on said Wood ; and on that day the said Wood, being present, suggested to the court that the firm of said Nowlin & Wood had been dissolved; that he had not personally been employed by said plaintiff to resist said motion, but that he had learned the whereabouts of said plaintiff, and had informed him of the proceedings being taken by the defendant to set aside said judgment, and of the time the motion was to be heard ; and that he had received from him, the day before, a telegram that he had forwarded by mail affidavits to be used in resisting said motion. The court thereupon decided that the service of notice of such motion was sufficient to confer jurisdiction upon it to hear and determine the same, to which the plaintiff, by his said attorney, then excepted, having appeared especially to object to the sufficiency of said notice. The court thereupon proceeded to hear said motion upon its merits (the said

Wood then appearing for said plaintiff, and resisting the same), and, after hearing the proofs and arguments in behalf of the respective parties, found that said judgment was fraudulently obtained; that the court had not gained jurisdiction of the defendant; that the affidavit upon which the order for the service of the summons by publication was granted was untrue, to the knowledge of the plaintiff, and was made with intent to, and did, deceive the court; and ordered and adjudged that the decree and judgment dissolving the marriage between the plaintiff and defendant, November 27, 1885, be vacated and set aside, to which order the plaintiff duly excepted. This and the exception before noted present the only questions it is necessary to determine on this appeal, and will be considered in the order mentioned.

1. Did the court have jurisdiction of the plaintiff for the purpose of determining said motion?

The general rule undoubtedly is, that the power of an attorney under a general retainer expires when judgment is finally rendered, for usually there no longer exists any occasion for his services. The judgment is the final determination of the matters about which the attorney was retained. Macbeath v. Cooke, 1 Moore & P. 513. But this is not so for every purpose, for at the common law the attorney's power was supposed to continue a sufficient length of time after entry of judgment to permit him, where successful, to issue execution, and until such action as might be necessary for the collection and satisfaction of the judgment. Gilb. Ex'ns, 93. This rule has become a part of the statute law of this territory to such an extent that the attorney of record for the successful party may at any time collect the judgment and execute satisfaction thereof. § 5107, Comp. Laws So after final judgment, if appeal be taken or writs of error brought, the employment of the attorney of record, in the absence of special notice indicating the contrary, is presumed to have continued, and the statute provides that notice shall be served upon them in such case. § 5336, id. This was also the rule before the Code. If the judgment be entered irregularly, shall not the attorney whose duty it was to enter it properly be served with notice of motion that it be corrected? It would seem that he more than any other person, even the party himself, is

the one that ought to be notified; for, having been the attorney of record, and conducted the matters to a conclusion, he is best able to resist any attack upon it. These reasons apply with quite as much force when, as in this case, it is sought to set the judgment aside for fraud and want of jurisdiction in the court rendering it. Lusk v. Hastings, 1 Hill, 656, is analogous in many respects; and see, also, Doane v. Glenn, 1 Colo. 454.

In Lee v. Brown, 6 Johns. 132, it was directed that an order to show cause why a judgment that had been entered seven years before should not be satisfied of record should be served on the attorney of record at the time the judgment was entered, the plaintiff in such judgment being absent from the state.

If doubt remained of the sufficiency of the service of the notice, it would be dissipated by the admission of plaintiff's attorney that he had received a communication from plaintiff personally informing him substantially that he had forwarded affidavits to him to be used in resisting the motion, and he did use them in opposition thereto. We conclude that the first assignment of error, therefore, is insufficient, and must be overruled.

2. Nor do we think the second objection of plaintiff, that defendant's remedy was by action to set the judgment aside, and not by motion to vacate it, maintainable.

It will be observed that the motion was to set aside and vacate the judgment of divorce granted by the district court, on the ground of a want of jurisdiction of the defendant in the court to grant such judgment, in that the summons in such action was not legally served. It is provided by section 104 of the Code of Civil Procedure that "when the person on whom the service of the summons is to be made cannot, after due diligence, be found within the territory, and that fact appears by affidavit to the satisfaction of the court or a judge thereof, and it in a like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made," etc., "such court or judge may grant an order that the service be made by the publication of a summons," in the cases particularly specified in the section, the last of which is (subdivision 5) "when the action is for a divorce or decree annulling a marriage." The affidavit of the plaintiff on which the order for service of the summons by

publication was made in this case, stated that defendant could not after due diligence be found within this territory, and that he did not know her residence or whereabouts, and could not by reasonable diligence ascertain the same. It is nowhere stated that any effort whatever was made to find the defendant within this territory, or that the slightest diligence was exercised for that purpose, or in that direction. The affidavit not only fails to show that the defendant could not be found within this territory, after due diligence, but practically admits that no effort or attempt was made within the territory to find her. The affidavit should not only have stated diligence had been used to serve the defendant with the summons within the territory, but in what the diligence consisted, what had been done to find her.

Jurisdiction of absent defendants cannot be acquired except by complying strictly with the provisions of the statute provided for that purpose. As was said by Justice ALLEN in Cook v. Farmer, 12 Abb. Pr. 359: " The jurisdiction is strictly statutory, and can only be acquired in the mode required by the statute." Within this rule it is clear that the affidavit on which the order for service of the summons by publication in this action was made was insufficient, and that the court did not gain jurisdiction of the defendant, and that the judgment sought to be reversed was obtained by fraud and false statements. See, also, Hallett v. Righters, 13 How. Pr. 43; Brisbane v. Peabody, 3 id. 109; Van Wyck v. Hardy, 11 Abb. Pr. 473.

The judgment of divorce in this case, rendered November 28, 1885, was, therefore, rendered by a court having jurisdiction neither of the parties nor the subject-matter of the suit, and was absolutely void. Borden v. Fitch, 15 Johns. 121; Harris v. Hardeman, 14 How. 334; Hoffman v. Hoffman, 46 N. Y. 30.

It is well settled that such judgments may be set aside and vacated on motion made in the original action, and such has been the practice generally in such cases. The court having jurisdiction of the motion may set aside and vacate a judgment on the ground of fraud, or that the parties sought to be bound by the judgment were not served with process, or that the court in which the judgment was rendered did not have jurisdiction, and proceedings for that purpose may be taken by suit or by motion in the

original action, in the discretion of the court. Beards v. Wheeler, 76 N. Y. 213; Foote v. Lathrop, 41 id. 358; Schaettler v. Gardiner, 47 id. 404; White v. Coulter, 59 id. 629. The cases of Wortman v. Wortman, 17 Abb. Pr. 66, and Bulkley v. Bulkley, 6 id. 313, are very analogous to the case at bar. Both were actions for divorce, in which judgments had been entered for the plaintiff, and proceedings were taken by motion to have the judgments vacated and set aside, on the ground of fraud in the manner of service and want of jurisdiction, and in each of which such motions were granted. In the case at bar the district court has found as a fact, upon abundant evidence, that the plaintiff did practice a fraud upon it and upon his own attorney in obtaining the order for service of summons by application; that at the time he made the affidavit to obtain such service he in fact did know the residence and whereabouts of the defendant, and designedly stated that he did not for the purpose of misleading the court and defrauding the defendant of notice that such an action was pending. The court was deceived by this false statement, and the defendant was prevented from having her day in court and opportunity to defend the action against her.

The order appealed from should be affirmed. All the justices concurring, except THOMAS, J., not sitting, order affirmed, with costs and disbursements.