WEALTHY PHELPS v. GEORGE S. HEATON and Others.

May 25, 1900.

Nos. 12,086—(79).

### Vacating Judgment—Notice to Attorney of Nonresident.

Notice of a motion to vacate a judgment in favor of a nonresident plaintiff may be served on his attorney of record, although more than two years have elapsed since the entry thereof.

### Infant—No Waiver of Right Possible.

An infant defendant is incompetent to waive or admit service of the summons upon him, or to confer jurisdiction upon the court by a voluntary appearance.

### Jurisdiction over Infant—Guardian ad Litem.

Service of summons upon an infant defendant in the mode authorized by the statute must precede the appointment of a guardian ad litem for him, and though such guardian be appointed, and he appears and represents the interests of the minor, the appointment and all subsequent proceedings in the action, including the final judgment, are void as against the infant not served with process or summons.

Action in the district court for Blue Earth county to reform a deed and to bar the title of Julius Heaton and three others, minors, in the premises. The case was tried before Severance, J., who found in favor of plaintiff, and judgment pursuant to the findings was entered. Subsequently to the coming of age of the minors an order was made vacating the judgment, from which order plaintiff appealed. Affirmed.

*Pfau & Pfau* and *L. W. Prendergast,* for appellant.

An attorney can act during pendency of the action, or within two years after judgment rendered, to the extent that he may within that time receive the money and satisfy the judgment. There is no presumption that beyond this time he has authority to act in any capacity whatever. Plaintiff was not a resident of the state. If the relationship of client and attorney did not then exist, there was no duty resting on the attorney to give notice to his client. There can be no presumption that notice was given, and even if notice

was received there would be no presumption that it was served within the time required by law. Service in such case must be made on the party in person. Savings Bank of St. Paul v. Authier, 52 Minn. 98; Berthold v. Fox, 21 Minn. 51; G. S. 1894, § 6184; Bray v. Doheny, 39 Minn. 355; Hinkley v. St. Anthony Falls W. P. Co., 9 Minn. 44 (55); Sheldon v. Risedorph, 23 Minn. 518; Bathgate v. Haskin, 59 N. Y. 533; In re Grundysen, 53 Minn. 346; McLain v. Watkins, 43 Ill. 24; Walradt v. Maynard, 3 Barb. 584, 587; Benedict v. Smith, 10 Paige, 126; Jackson v. Bartlett, 8 Johns. 281; Cruikshank v. Goodwin, 66 Hun, 626. After judgment entered, where there is nothing further to be done in the matter of execution, etc., the employment of the attorney presumptively ceases, and notice to an attorney of a motion to set aside judgment is no notice to the former client, unless continuance of the relation is affirmatively shown. Grames v. Hawley, 4 McCrary, 61. The court had no authority to set aside this judgment after nine years, unless on the ground that no jurisdiction had been acquired over the moving defendants. The statutes give no authority to set aside judgment after this lapse of time for any reason. In equity the court may not set aside its decree after the term in which it was entered. Cameron v. M'Roberts, 3 Wheat. 591. The court could have no right to take in consideration on this motion any matters save those affecting the jurisdiction. The moving parties attacked the judgment for other grounds. 1 Story, Conf. Laws, 607; Wimberly v. Hurst, 33 Ill. 166; Conner v. Hutchinson, 12 Cal. 127; Bissell v. Briggs, 9 Mass. 461; D'Arcy v. Ketchum, 11 How. 165, 175; Dorman v. State, 56 Ind. 454, 457. In absence of allegations that the guardian ad litem was acting in collusion with plaintiff or by her authority, or that plaintiff was a party to the alleged frauds, the statement in the motion of acts done or omitted on part of the guardian is inconsequent and conveys nothing. Meka v. Brown, 84 Iowa, 711. In any event, the negligence of the attorney is uniformly treated as the negligence of the client. Merritt v. Putnam, 7 Minn. 399 (493); Austin v. Nelson, 11 Mo. 192; Matthis v. Inhabitants, 62 Mo. 504; Jones v. Leech, 46 Iowa, 186; Spaulding v. Thompson, 12 Ind. 477.

If an infant would disaffirm his contract, and receive back his

property, he must refund what he has received. Kerr v. Bell, 44 Mo. 120; Highley v. Barron, 49 Mo. 103. A minor must disaffirm within a reasonable time after coming of age. Goodnow v. Empire L. Co., 31 Minn. 468; Cochran v. Toher, 14 Minn. 293 (385); Derosia v. Winona & St. P. R. Co., 18 Minn. 119 (133). If, when he attains his majority, an infant has the money or property received in consideration for his deed or contract, he must return it, or so much of it as he has left, before he will be allowed to disaffirm. Chandler v. Simmons, 97 Mass. 508; Green v. Green, 69 N. Y. 553; Becker v. Pugh, 9 Colo. 589; Lawson v. Lovejoy, 8 Me. 405; Tyler, Infancy (2d Ed.) § 37. The long silence, laches, and inexcusable delay amount to express ratification of the proceedings had in 1889. Where an infant, after coming of age, uses the consideration and allows land to increase in value, and does not disaffirm, it is delay so unreasonable as to amount to waiver, and is equivalent to express ratification. O'Dell v. Rogers, 44 Wis. 136; Goodnow v. Empire L. Co., supra; Jenkins v. Esterly, 24 Wis. 340; Dolph v. Hand, 156 Pa. St. 91; Lenhart v. Ream, 74 Pa. St. 59. See also Spaulding v. Farwell, 70 Me. 17; Godden v. Kimmell, 99 U. S. 201; Frost v. Walls, 93 Me. 405; 2 Pomeroy, Eq. Jur. §§ 917, 965; Ketsey's Case, Cro. Jac. 320; Hubbard v. Cummings, 1 Me. 11; Bigelow v. Kinney, 3 Vt. 353; Baker v. Kennett, 54 Mo. 82; Roberts v. Wiggin, 1 N. H. 73; Boody v. McKenney, 23 Me. 517; Walsh v. Powers, 43 N. Y. 23; Callis v. Day, 38 Wis. 643; Kemp v. Cook, 18 Md. 130.

The court may acquire jurisdiction over infant defendants of the age of fourteen in the same manner as over adult defendants. Eisenmenger v. Murphy, 42 Minn. 84. But in any case in Minnesota the court may acquire jurisdiction over defendants without service of summons. G. S. 1894, § 5209. It follows that at least such infant defendants may voluntarily appear and submit to the jurisdiction as completely as if summons were served on them. An infant of the age of fourteen is presumed to be a person of legal discretion, and hence the court, in acquiring jurisdiction, treats him as it does adult defendants. Temple v. Norris, 53 Minn. 286.

Under G. S. 1894, § 6152, at least the three elder infant defendants had the right to apply personally for appointment of a guardian ad litem. It is immaterial how or by whom their petition

was presented. The presumption is that it was duly presented, and that the court duly acted, If there was any irregularity in obtaining service, it would simply make the judgments voidable, and the infant must disaffirm within a reasonable time after coming of age. Eisenmenger v. Murphy, supra; Hoover v. Kinsey, 55 Iowa, 668; Freeman, Judg. §§ 151, 513; Moore v. Starks, 1 Oh. St. 369; Lessee of Nelson v. Moon, 3 McLean, 319; Gronfier v. Puymirol, 19 Cal. 629; Jenkins v. Esterly, supra; Goodnow v. Empire L. Co., supra; Bennett v. Fenton, 41 Fed. 283. See also Feikert v. Wilson, 38 Minn. 341; Bryan v. Kennett, 113 U. S. 179; Hale v. Hale, 146 Ill. 227; Levystein v. O'Brien, 106 Ala. 352.

*S. B. Wilson* and *Fowler & McNamara*, for respondents.

A court may at any time clear its records of unauthorized entries. Heffner v. Gunz, 29 Minn. 108; Feikert v. Wilson, 38 Minn. 341. Defendant does not waive a jurisdictional objection, or appear generally, by coupling with a motion to vacate a judgment for want of jurisdiction other grounds of relief not inconsistent with it. Godfrey v. Valentine, 39 Minn. 336. The judgment is void because it is based solely on a purported admission of service outside the state. Service of summons outside the state would, of course, be ineffectual, and admission of such service cannot have any greater effect than such service itself. Weatherbee v. Weatherbee, 20 Wis. 526. A minor cannot accept service, or waive any formula of service. Winston v. McLendon, 43 Miss. 254; Kansas v. Campbell, 62 Mo. 585; Armstrong v. Wyandotte, 1 McCahon, 576; Crouter v. Crouter, 133 N. Y. 55. When the record shows service to have been made in some particular way, there is no presumption that it was made in any other way. Ely v. Tallman, 14 Wis. 28; Morey v. Morey, 27 Minn. 265, 267; Barber v. Morris, 37 Minn. 194, 196; Jewett v. Iowa L. Co., 64 Minn. 531; Brown v. St. Paul & N. P. Ry. Co., 38 Minn. 506. Service of summons must be made on minors precisely as the statute prescribes, or jurisdiction does not rest. Where there is not such service of summons in the first instance, appointment of a guardian ad litem does not cure the defect. Jurisdiction must be acquired over the infant before there is any authority to appoint a guardian ad litem. Without service on the

infant in one of the modes required the appointment is nugatory, and a judgment void though answer be interposed by the guardian ad litem and trial had.   Helms v. Chadbourne, 45 Wis. 60; Foster v. Hammond, 37 Wis. 185; Insurance Co. v. Bangs, 103 U. S. 435; Johnston v. San Francisco, 63 Cal. 554; McCloskey v. Sweeney, 66 Cal. 53; Ingersoll v. Mangam, 84 N. Y. 622; Crouter v. Crouter, supra; Darrow v. Calkins, 154 N. Y. 503; Allen v. Saylor, 14 Iowa, 435; Good v. Norley, 28 Iowa, 188; Gibson v. Chouteau, 39 Mo. 536; Robbins v. Robbins, 2 Ind. 74; Ardil v. Ardil, 26 Ind. 287; Roy v. Rowe, 90 Ind. 54; Whitney v. Porter, 23 Ill. 445; Clark v. Thompson, 47 Ill. 25; Hodges v. Wise, 16 Ala. 509; Taylor v. Walker, 1 Heisk. 734; Lenox v. Notrebe, 1 Hemp. 251; Frazier v. Pankey, 1 Swan (Tenn.) 75; Linnville v. Darby, 60 Tenn. 306; Cox v. Story, 80 Ky. 64; Wornock v. Loar (Ky.) 11 S. W. 438; Finley v. Robertson, 17 So. C. 435; Genobles v. West, 23 So. C. 154; White v. Albertson, 3 Dev. (N. C.) 241; Young v. Young, 91 N. C. 359; Sprague v. Haines, 68 Tex. 215; Kremer v. Haynie, 67 Tex. 450; Ivey v. Ingram, 4 Cold. 129.

START, C. J.

This action was commenced March 13, 1889, in the district court of the county of Blue Earth, for the purpose of reforming a certain deed described in the complaint, and to bar all title of the defendants Julius Heaton, Frank Heaton, Nellie May Heaton, Bertha Maude Heaton, and each of them, in and to the land described in such deed and in the complaint.

The defendants specially named were then infants residing in the state of Wisconsin.   All of them were over fourteen and under twenty years of age, except Bertha Maude Heaton, who was then thirteen years of age.   The summons was never served, either personally or by publication, on any of them.   Each of them signed an admission which was indorsed on the summons, and was in these words, "Due and personal service of this within summons is hereby admitted at Marquette county, in the state of Wisconsin, on this 15th day of March, A. D. 1889," which was filed in this action November 4, 1889.   On April 15, 1889, they each signed a petition entitled in this action, which stated that they were minors and that

this action had been commenced against them by the service of the summons upon them, and asked that Benjamin D. Smith, of Mankato, Minnesota, be appointed their guardian ad litem in the action. A notice directed to the defendant Bertha Maude Heaton, stating the time and place when and where the plaintiff would apply to the court for the appointment of a guardian ad litem for her in this action, was also published and mailed to her. Thereafter Mr. Smith was appointed by the court guardian ad litem for all of them, and answered for them, denying the allegations of the complaint.

Other than as here stated, the court never acquired jurisdiction over the person or property of the defendants named. Judgment in form was entered against them on November 5, 1889, for the relief demanded in the complaint. None of them had any knowledge of the entry of such judgment until the last of October, 1897, when they learned of its entry through their attorney. At this time they all had reached their majority. The plaintiff is not a resident of this state, nor has she been since the commencement of this action.

The defendants who were minors when this action was commenced made a motion herein on February 23, 1899, to vacate the judgment so entered against them, on the ground that the court never acquired jurisdiction of them. The motion also stated other grounds (not inconsistent with lack of jurisdiction) for setting the judgment aside, which were to the effect that the guardian ad litem failed to plead the statute of limitations, or to call as a witness the attorney who drafted the deed in question, who then lived in Mankato, and would have testified that the deed was drawn strictly in accordance with the agreement and intention of the parties thereto. The notice of motion was served upon one of the plaintiff's attorneys of record in the action. At the time set for the hearing of the motion the plaintiff appeared specially, and moved the court to dismiss the motion upon the ground that no notice thereof had been served upon her, or upon any one upon whom such service might be lawfully made. The court overruled the motion to dismiss. The plaintiff excepted to the ruling, and then appeared and took part in the hearing of the motion on the merits. After hearing the respective parties on affidavits, includ-

79 M.—31

ing that of the plaintiff, and evidence offered by each, the trial court made its order vacating the judgment, and the plaintiff appealed from the order to this court.

1. The first assignment of error to be considered is that the court erred in overruling plaintiff's motion to dismiss on the ground that no notice of the motion to vacate the judgment had been served upon her.

Whether the plaintiff, by taking part in the hearing of the motion on the merits, waived the alleged defects in the service of the notice of the motion, we do not decide, as we are of the opinion that service on her attorney of record was proper, in view of the facts of this case. The general rule is that the authority of an attorney to represent his client expires with the entry of a final judgment, except that by virtue of our statute he may collect and discharge the judgment at any time within two years after its entry. If, therefore, the plaintiff had been a resident of the state, and subject to the process of the court, it may be conceded that it would have been error to have served the notice to vacate the judgment upon the attorney of record, and not upon her. Berthold v. Fox, 21 Minn. 51. But such is not this case. The plaintiff, a nonresident, appeared in court in this action by her attorney, and caused to be spread upon its records a judgment in form against the defendants, which they claim is absolutely void because the court was without jurisdiction in the premises. If the judgment is void, the court has a right to purge its records of the unauthorized entry of the judgment at any time when its attention is called to the matter, upon such reasonable notice as it is practical to give. Heffner v. Gunz, 29 Minn. 108, 12 N. W. 342; Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585. This does not necessarily require service of the notice of the motion upon the plaintiff personally; otherwise the judgment could not be vacated unless she came within the territorial jurisdiction of the court.

Where, as in this case, the plaintiff is a nonresident, the rules of practice adopted by the court must furnish some means whereby the defendant may call the attention of the court to the void judgment and secure its vacation. Notice in such cases to the attorney who secured the entry of the judgment is as practical and efficient

a method of securing actual notice to the plaintiff, and protecting the judgment from an unlawful attack, as can be adopted; for the regularity of the attorney's own conduct, or his skill or care as a lawyer, is drawn in question by the attack on the judgment. Having secured the judgment for a nonresident client, he is, or ought to be, interested in maintaining it. We therefore hold, upon principle and authority, that notice of a motion to vacate a judgment in favor of a nonresident plaintiff may be served on his attorney of record, although more than two years have elapsed since the entry thereof. Lee v. Brown, 6 Johns. 132; Lusk v. Hastings, 1 Hill, 656; Drury v. Russell, 27 How. Pr. 130; Doane v. Glenn, 1 Colo. 454; Beach v. Beach, 6 Dak. 371, 43 N. W. 701; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095.

2. This brings us to the merits of the order appealed from. If the court never acquired jurisdiction of the infant defendants in this case, the judgment as to them is void, and the court was authorized to vacate it, without reference to the time when it was entered. Feikert v. Wilson, supra; Furman v. Furman, 153 N. Y. App. 309, 60 Am. St. Rep. 642, notes. The question then is, did the court acquire jurisdiction of these defendants? We answer the question in the negative.

The record shows that the summons was never served upon any of them, either personally or by publication. Infants cannot waive their rights, because of want of capacity to do so. This is elementary. Therefore service of the summons upon minors must be made as the statute directs. It is not claimed in this case that any attempt was ever made to serve in any manner the summons upon the defendants who were minors. It is, however, claimed that the court acquired jurisdiction over them, and power to appoint a guardian ad litem for them, by virtue of their admission of service. The short answer to this is that minors have not capacity to waive or admit service of process upon them (10 Enc. Pl. & Pr. 612), and, further, that as to the defendants who were over fourteen years of age the manner of serving summons upon them was precisely the same as in the case of adults, and, therefore, when they petitioned the court to appoint a guardian ad litem for them, it was a voluntary appearance within the meaning of G. S. 1894, § 5209. It is true

that the mode of acquiring jurisdiction over an infant fourteen years of age or upward is by the service of the summons upon him as in the case of adult defendants, but he can only appear in the action by a guardian ad litem. If the court once acquires jurisdiction over him by the service of the summons, his appearance without the appointment of such guardian for him does not affect the jurisdiction of the court in the premises. His appearance in such a case is an irregularity only. Eisenmenger v. Murphy, 42 Minn. 84, 43 N. W. 784. It is only after the service of the summons upon such an infant defendant that he is authorized to apply to the court for the appointment of a guardian ad litem for him. G. S. 1894, § 5162.

To hold that the court can acquire jurisdiction over a defendant who is a minor, without the service of process upon him by appointing a guardian ad litem for him, even upon his personal application, is to hold that he may waive the service of process upon him, which he is without capacity to do. The application for the appointment of such guardian must in all cases be made after service of the summons on the infant defendant, or the court is without jurisdiction over him, although the guardian be appointed and answers for him. Ingersoll v. Mangam, 84 N. Y. 622; Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726; Johnston v. San Francisco, 63 Cal. 554; McCloskey v. Sweeney, 66 Cal. 53, 4 Pac. 943; Insurance Co. v. Bangs, 103 U. S. 435; 10 Enc. Pl. & Pr. 643. The rule as to acquiring jurisdiction of an infant defendant is that service of summons upon him in the mode authorized by the statute must precede the appointment of a guardian ad litem for him, and though such guardian be appointed, and he appears and represents the interests of the minor, the appointment and all subsequent proceedings in the action, including the final judgment, are void as against the infant not served with process or summons. This rule is sustained by the great weight of judicial authority. There are only a few adjudged cases to the contrary. 1 Freeman, Judg. § 151.

It follows that the judgment in this case was void, not simply voidable; for the summons was never served on the infant defendants, hence the court never acquired jurisdiction of them. Such being the case, it is unnecessary to refer to the other assignments

of error, for they are manifestly without merit, or they are relevant only in case it were held that the judgment was voidable, not void.

Order affirmed.