# ROBERT BUNDERMANN v. AMELIA BUNDERMANN.[1]

May 3, 1912.

Nos. 17,587—(62).

**Divorce — service of summons.**

In divorce actions, where the summons is served personally out of the state, it is not a prerequisite that there be either the return of the sheriff or the affidavit of plaintiff or his attorney, required under R. L. 1905, § 4111.

**Opening default.**

*Held,* that the trial court erred in refusing to grant defendant's application to open a default and for leave to answer.

Appeal by defendant from a judgment of the district court for Otter Tail county, entered pursuant to the order of Baxter, J., after defendant's motion to open the default judgment and to be allowed to defend had been denied, Nye, J. Reversed.

*Leonard Eriksson,* for appellant.

*M. J. Daly,* for respondent.

BUNN, J.

This is an appeal by defendant from a judgment of the district court of Otter Tail county, granting plaintiff a divorce, after denying defendant's motion to vacate the order for judgment in the action and for leave to answer. The action was for a divorce on the ground of desertion, and the summons was served personally on defendant in Chicago, Illinois, on January 22, 1910. Due proof of service was made, and by order the court limited the time to answer to April 6, 1910. Defendant did not answer or appear, and on April 11, 1910, the case was heard, and a decision and order for judgment in favor of plaintiff filed. Judgment had not been entered on the decision at the time the application of defendant for leave to answer was made and heard.

[1] Reported in 135 N. W. 998.

This application was based on affidavits of defendant and her attorney which tended to prove the following facts: Plaintiff and defendant were married in Otter Tail county, August 31, 1904. Plaintiff was a widower of 53, and resided in the county. Defendant was 54, and lived in Chicago. After the marriage they resided for a short time at Perham, in said county, but moved to Chicago during the year 1904. Plaintiff shortly thereafter returned to Otter Tail county, and has since lived there; defendant remaining in Chicago. In July, 1907, plaintiff brought an action for divorce, alleging desertion. Defendant answered, denying the charge. The case was tried in September, 1908, and on November 27, 1908, a decision and order for judgment in favor of defendant was made and filed. No judgment was ever entered on this decision, but December 20, 1909, pursuant to a stipulation between the then attorneys for the parties, an order was entered dismissing the action. The present action for divorce was therefore commenced three weeks after the order of dismissal. Defendant admitted the receipt of the summons and complaint in the second action, but was unable to read English, and supposed the papers had relation to the former case, which she knew had so recently been decided in her favor. She did not consult an attorney or a friend, but claims to have written a letter to the judge who had tried the case, and to have received no reply. She did not discover that the action was begun until late in December, 1910, when, in answer to a letter to the judge asking why she had received no money from her husband, she was informed that the second suit for divorce had proceeded to trial and decision.

Immediately after learning these facts, defendant retained her present counsel, who promptly made on her behalf the motion for leave to answer. The only showing made by plaintiff against the granting of the motion was in denial of his own wealth and defendant's poverty, both of which facts had been alleged in the moving affidavits. There was no denial of defendant's inability to read English, or that she did not in fact understand the import of the papers that had been handed to her in Chicago.

Defendant makes two contentions here. The first is that the court

had no jurisdiction over defendant, because the summons was served out of the state and there was no return of the sheriff that defendant could not be found, and no affidavit of plaintiff or his attorney stating that he believes defendant is not a resident of the state or cannot be found therein. We hold that neither such return nor such affidavit is necessary in divorce actions, where the summons is served personally out of the state.

Defendant's second contention is that the trial court abused its discretion in refusing her leave to answer. The trial court assigned no reason for its order, and from the record before us we are unable to understand why the relief was refused. It is contended by plaintiff that the certificate of the trial judge does not show that the record contains all of the papers upon which the orders were based, but we cannot sustain this contention. We must therefore determine whether, on the evidence returned to us, the order can be sustained as an exercise of the discretion which the trial court possesses in the matter of opening a default. As we have often held, this discretion is not an arbitrary one. It must be exercised judicially.

It is the duty of a trial court to grant the relief in a meritorious case, where any reasonable excuse for the failure to answer is shown, a fair showing of merits made, and where no substantial prejudice will result to the other party. There is no character of action in which the courts should grant the relief more readily than a divorce action, when judgment has not been entered. The state is an interested party, and the action involves much more than mere rights of property. The policy of our law is for a bona fide and public trial, and against default judgments. In the case at bar, no judgment had been entered when the application for leave to answer was made. If plaintiff has a case which ought to prevail, he will not be prejudiced by the short delay, or by having his case contested. If, on the other hand, there is a good defense, the default results in a serious miscarriage of justice. The excuse made by defendant for failure to answer within the time limited appears to us as a reasonable one. The former action, based on the same facts, had recently been decided in her favor. This fact, together with her inability to read the papers served upon her, furnishes a reason for failure to under-

stand that the papers meant that a second suit for divorce had been started by her husband.

In view of the showing made by defendant, and the absence of a showing made in opposition, we hold that the trial court ought to have granted the application.

Judgment reversed.