CLAYTON A. PUGSLEY v. FRED MAGERFLEISCH AND OTHERS.[1]

December 12, 1924.

No. 24,304.

**Statutory service of summons on nonresident.**

1. The service of a summons upon a nonresident by delivering a copy thereof to him without the state, as authorized by section 7737, G. S. 1913, is a substitute for the publication of the summons and cannot be made without taking the steps required when the summons is to be published.

**Filing of statutory affidavit jurisdictional.**

2. The filing of the affidavit prescribed by section 7737 is a jurisdictional prerequisite to the publication of the summons.

**Vacating default judgment entered without due service of process.**

3. A judgment entered upon the default of the defendant without due service of process is void for want of jurisdiction and will be vacated at any time on reasonable notice. Neither diligence nor the showing of a meritorious defense is necessary.

Action in the district court for Martin county. The case was tried before Dean, J., who ordered judgment against defendant Magerfleisch. From an order Nelson, J., acting for Dean, J., denying his motion to set aside a judgment on the ground the court had no jurisdiction over him, defendant Magerfleisch appealed. Reversed.

*Haycraft & McCune,* for appellant.
*Paul C. Cooper,* for respondent.

LEES, C.

Appeal from a denial of a motion for an order vacating a judgment in an action against appellant and other defendants, brought to divide the bed of a dry lake among the owners of the lands bordering upon it.

[1]Reported in 201 N. W. 323.

When the action was commenced appellant was and still is a resident of the state of Kansas. A copy of the summons was delivered to him in that state. He was not personally served with the summons in this state. The affidavit prescribed by section 7737, G. S. 1913, was never filed. The judgment determined that appellant is the owner of a certain tract of land, and then follow these words:

"But having heretofore conveyed his riparian interest in said Holmes Lake to D. F. Dickman, (he) has no interest in or to any part of said lake bottom."

The effect of this is to exclude appellant from any interest in the bed of the lake. Jurisdiction to enter such a judgment could be obtained by serving the summons in the manner prescribed by section 7737, that is, by publication or by service on appellant without the state, which, when duly made and proved, would have the same effect as the publication of the summons. In H. L. Spencer Co. v. Koell, 91 Minn. 226, 97 N. W. 974, it was held that service without the state cannot be made without taking the same steps as are required when the summons is published.

Divorce actions stand on a different footing. In such actions the statute requires service to be made on the defendant personally, whether he be in or out of the state, and publication is authorized only when ordered by the court and when personal service cannot well be made. Section 7116, G. S. 1913. This explains the ruling in Bundermann v. Bundermann, 117 Minn. 366, 135 N. W. 998, to the effect that the affidavit prescribed by section 7737 is not necessary when the summons in a divorce action is served personally out of the state.

This court has always adhered to the rule that the affidavit required by the statute and the filing thereof is a jurisdictional prerequisite of the publication of the summons. Dunnell, Minn. Dig. §§ 7823, 7824. It has repeatedly held that a judgment entered upon the default of a defendant where due service of process has not been made is void for want of jurisdiction to enter it, will be vacated at any time on reasonable notice, and that neither diligence nor the showing of a meritorious defense is necessary. Heffner v.

Gunz, 29 Minn. 108, 12 N. W. 342; Feikert v. Wilson, 38 Minn. 341, 37 N. W. 585; Phelps v. Heaton, 79 Minn. 476, 82 N. W. 990.

Insofar as the judgment purports to affect appellant's property rights, it is void. The court never acquired jurisdiction to enter it, and, upon the showing made, it should have been vacated and set aside as to him.

Order reversed.